ARNOLD, Defendant in Error, v. PALMER, Plaintiff in Error.

1. Where, on account of a failure to reply within the time required by law to an offset pleaded, judgment by default was regularly rendered taking the offset as confessed, and the court, on the motion of plaintiff, set aside this judgment by default, neither the motion to set aside nor the accompanying affidavit showing a meritorious defence to the offset pleaded : *held*, that the court had in this particular exceeded the limits of a sound discretion.

*Error to St. Louis Court of Common Pleas.*

The facts sufficiently appear in the opinion of the court.

*J. B. King*, for plaintiff in error.

*T. Polk*, for defendant in error.

RYLAND, Judge, delivered the opinion of the court.

This was an action in the St. Louis Court of Common Pleas by John B. Arnold against John B. King and Thea Maria Palmer, on a promissory note executed by said John B. King and Thea Maria Palmer to Horatio Arnold, for the sum of five hundred and sixty-five dollars and twenty-two cents, payable one day after date, and dated April 3d, 1852 ; which note was assigned on April 29th, 1852, to the plaintiff by said Horatio Arnold. The writ was returnable to the September term of the court in the year 1852 ; but not being executed, an alias writ was issued returnable to the first Monday in February, 1853. On the return day of the writ, being the first Monday and the 7th day of February, 1853, the defendant Palmer filed her answer, alleging that the said note was obtained from her by fraud, and through false and fraudulent representations ; also setting up a set-off against the note. This set-off is thus pleaded, viz : " The said plaintiff owes said defendant for wood sold off said land of hers, occupied by plaintiff during the years 1851-2, the sum of four hundred and seventy dollars. The said plaintiff owes defendant for injuries done to the timber growing on said land, cut by him without her consent

and against her express orders, the sum of five hundred dollars. The plaintiff owes defendant for the rent of said house and land for 1852, the sum of one hundred dollars, making in the aggregate the sum of one thousand and seventy dollars," and " asks that judgment be rendered against the plaintiff in her favor for the difference between the note and the set-off pleaded, to-wit, the sum of five hundred and seventy dollars." This answer containing the set-off being filed the 7th day of February, that being the first day of the term, and the plaintiff having failed to file his replication to the set-off within two days thereafter, as required by law, the defendant moved the court that her set-off be taken as confessed against said plaintiff; this motion was sustained by the court, and it was accordingly ordered that said set-off be taken against the plaintiff as confessed, for the want of such replication. On the 19th, the plaintiff filed his motion by his counsel, to set aside this judgment by default entered as aforesaid on the set-off pleaded in this action, which motion is as follows : " The plaintiff moves the court to set aside the judgment heretofore rendered in this cause, taking the pretended set-off pleaded herein as confessed. for the following reasons : 1. The said answer containing the said pretended set-off was filed on the 14th [7th] day of February, 1853, the first day of the term, and the said judgment taken on the 10th day of said February, when, by the law of the land, said judgment ought not and could not be taken. 2. The said judgment was irregularly, illegally and improperly taken. 3. The plaintiff had no notice of the filing of said plea of set-off. 4. The plaintiff had no legal or sufficient notice of the filing of the said plea of set-off. 5. For the reasons contained in the subjoined affidavit of Trusten Polk." " Trusten Polk makes oath and says, that he is an attorney and counsellor at law and officer of this court ; that during the last term of this court and on or about the —— day of ——, 1852, he was retained by the plaintiff as his attorney and counsellor in this cause; that he has learned for the first time this morning, the 18th day of February, that the said defendant Palmer has filed in her an-

swer in this cause, a set-off, on which judgment was taken by confession on the 10th day of February, A. D. 1853. Affiant states that previous to the calling of the law docket, as he believes, on the first day of this term, at which said docket was called, he examined said docket carefully, noting, as he believes, every case then set down on said docket, and did not observe any entry on the said docket of said set-off in this case ; and he hereby refers the court to the entry of the said cause on the attorneys' law docket. He believes he should not have observed the statement made in the entry of this cause on the law docket as to set-off, if the clerk had not informed him of the action had by the court upon the same." The record shows that the defendant Palmer filed her answer containing the set-off on the 7th of February, the first day of the term, and that in compliance with the rule of the court there was entered on the back of said answer the words, " set-off pleaded," and likewise the same entered upon the motion docket of said court. The court sustained the motion of the plaintiff, and set aside the judgment by default, and the defendant Palmer excepted and filed her bill of exceptions. The plaintiff dismissed his suit as to the defendant King.

The only matter saved by the defendant below in her bill of exceptions is the ruling of the court on this motion of plaintiff to set aside the judgment by default. We can not take notice of the various motions and dispositions made of them as noted by the clerk; they are not properly parts of the record of this cause ; and such motions and rulings of the court thereon must be saved by exceptions properly taken, and thus be placed on the record and become parts of it, before this court can notice them. All, therefore, about striking out parts of the answer and striking out the set-off and for a review of the finding must be disregarded by this court. Was the judgment by default in favor of defendant Palmer on the set-off in her answer against the plaintiff properly taken ? The answer was filed on the first day of the term, and the plaintiff was bound to file his replication to the set-off contained in the answer within the next

two days thereafter. The respondent's counsel contends that as the defendant was allowed two days to file her answer and set-off, the plaintiff was allowed two days more after the lapse of the first two before he was required to reply to the set-off. But such is not our opinion. This point was expressly ruled against the view taken by respondent's counsel, in the case now before us, in the case of Beach & Eddy v. Curle's adm'r (15 Mo. 115). The replication must be filed within two days after answer and set-off. The judgment taking the set-off for confessed was not rendered until the 10th day of February, the 4th day of the term; so there were two days between the filing of the set-off and the judgment taking the same for confessed. It was not taken, then, too soon; the time for allowing replications had elapsed before the judgment by default was rendered on the set-off. Now, although this court generally refuses to interfere with the exercise of the discretionary power of the inferior courts, yet cases may occur in which such discretionary use of power may not only be questioned, but overruled in the promotion of justice and right. Let us consider this case for a moment. Here a defendant files an answer under oath, setting forth a state of facts which she considers ought to avoid the note. She also sets up as a set-off the indebtedness of the plaintiff to her, for wood sold by plaintiff off her land, and for rent of a house on her land, and also for damages done to her by the plaintiff in cutting down timber on the defendant's land. She estimates the indebtedness and the damages at $1070, and asks judgment for the excess of this set-off above the note. This set-off is not noticed; no replication nor any defence to it set up by the plaintiff; judgment in due course of law is rendered against the plaintiff on this set-off. Eight days after this judgment, a motion is made to set it aside, without showing any cause except a want of care and diligence on the part of the plaintiff's counsel. No affidavit showing a meritorious defence against the defendant's set-off; none alleging want of merits in the set-off, or denying the justice and correctness of the claims set forth in the set-off. Indeed, there are no grounds

furnished, either by the reasons or by the affidavit, which ought to have been considered in such favorable light by the court.

Here, a defendant has pleaded matters in her answer as a set-off, which in part might have been rejected, as forming no basis of such a plea; but a part of the matters pleaded will properly form the grounds of a set-off. Upon this plea thus containing such matters, a judgment is taken by confession. Then, unless such judgment be properly and for good cause set aside, it was the right of the defendant to have an inquiry by jury to ascertain the amount of the demand set up in such set-off.

In looking through the whole record, we find the case to have been tried in such a manner as to leave it uncertain whether justice has been had or not. Had the court below, after setting aside the judgment on the set-off, allowed the defendant to amend the set-off by filing such a plea as the law would permit, and had afterwards tried the merits of such plea, there could have been no grounds of complaint, although the judgment had been set aside without sufficient cause. In such a case this court would not reverse, although we might be of the opinion that the judgment was improperly set aside. But here there is no pretence to suppose that the matters set up in the plea of set-off have been investigated between these parties in the court below. The plea of set-off was entirely stricken out, although the party once had judgment on the plea in her favor, and that judgment set aside without sufficient reason.

It may be said that the record does not show that the defendant wished to amend her plea; does not show that any exceptions were taken to the action of the court in striking out the plea of set-off. This is so, for a more imperfectly saved record of a trial we have seldom examined. Yet the ruling of the court in setting aside the judgment by default is saved, and we think the court erred in that.

In regard to the finding of the court on the issue of fraud in obtaining the note, we can not see how the defendant can com-.

plain in this court of such action in the lower court, not hav-having saved by exceptions any objection in that respect.

We shall therefore reverse the judgment of the lower court and remand the cause, wlth directions to order a writ of inquiry of damages on the judgment by default on the defendant's set-off, with instructions to the jury of inquiry to ascertain the amount of the defendant's claim against the plaintiff as set forth in her plea. The judgment by default having admitted her right to the demand, the amount remains to be ascertained by a jury from the evidence to be offered. Judge Scott concurring in reversing the judgment ; Judge Leonard dissents.