## Blake *v.* Stewart.

Motion to Set Aside Default.—Under section 99 of the code, an application to be relieved from a judgment by default is addressed to the discretion of the court, and where there has been negligence on the part of the person applying, the application should be refused, unless it is shown that the negligence is excusable.

Same.—The Supreme Court will not be justified in interfering with the exercise of this discretion, unless in a clear case of an abuse of it.

Same.—The affidavit upon which such a motion is based should show a meritorious defense.

APPEAL from the *Marion* Common Pleas.

Elliott, J.—*Stewart,* the appellee, contracted with the city of *Indianapolis* to grade and gravel *Mississippi* street, between *North* street and the donation line, the cost thereof to be paid by the owners of lots fronting on that part of

said street in proportion to the number of front feet owned thereon by each. *Eliza Blake*, the appellant, was the owner of a part of the lots fronting on that part of said street. The work was completed by *Stewart*, and a final estimate thereof made, with an assessment against the owners of the lots bordering on said improvement, under the provisions of the city charter, by which there was assessed against the lots owned by *Mrs. Blake*, in favor of said *Stewart*, the sum of $2,691 58. Afterwards, on the 25th of *July*, 1866, upon the affidavit of *Stewart* being filed, stating, among other things, that of the amount so assessed against the property of *Mrs. Blake*, $2,191 58 remained unpaid, a precept was issued on said assessment by the city clerk, directed to the treasurer of said city, for the collection thereof. From this precept *Mrs. Blake* appealed to the Court of Common Pleas, in *January*, 1867. The case was continued until the *October* term of said court, when, on the 14th of *October*, 1867, a rule was entered against *Mrs. Blake* for an answer by the 16th of the same month. No answer was filed, and on the 23d of the month she was called, and failing to appear, a default was taken against her. Afterwards, on the 29th of *October*, 1867, the case was submitted to the court by the appellee, and a final judgment rendered in his favor. On the 6th of *November*, 1867, the appellant, on affidavits filed, moved the court to set aside the default and judgment against her, and permit her to defend, which motion the court overruled, and the appellant excepted. The only error assigned is the refusal of the court to set aside the default and judgment, and permit the appellant to defend.

In support of the motion to set aside the default, the appellant filed her own affidavit, and also several affidavits of *J. W. Blake*, one of her attorneys. In the affidavit of the appellant no excuse whatever is given, or attempted, for the default or failure to plead within the time required by order of the court. She states, however, that the assessment was greatly above the actual value of the work done, and that it included a side-walk for two squares made by her

prior to the date of *Stewart's* contract, for which she was entitled to credit. It contains the further statement, "that the estimates of the entire street are greatly incorrect, as will be shown upon a fair trial.

*Blake*, the attorney, states in one of his affidavits "that it was his impression, from *Black* and *Brown*, the attorneys for plaintiff, and from the plaintiff himself, that the default should be set aside, and that an answer could be filed and the case brought to issue;" that he had the papers in his office preparing an answer, and some one took them all, except a demurrer and motion to strike out eight pages of the complaint; that he believed he would have until *Wednesday*—motion day—to file his motions in the case; that on the 26th of *October* he made a motion to set aside the default, which, he understood, was granted, and relying thereon, he delayed the filing of an answer until motion day, "and was much surprised to find that on *Tuesday* evening, *October* 29th, 1867, six days after the default was taken, after dark, at an unusual hour, a trial was had," without notice to him or his associate counsel. In another affidavit, *Blake*, the attorney for the appellant, swears that he received the papers in the case from his associate counsel, *Mr. Sheeks*, with a motion to strike out eight pages of the complaint, and that it was agreed between him and *Mr. Sheeks* that the motion should be filed on *Saturday*, the 26th of *October*, but when he came to file the motion he was informed that there had been a default taken a day or two previous; that he at once prepared an affidavit to set the default aside and swore to it, which set forth the reasons for setting aside the default, but that it had become lost from the papers, and was not then on file. The affidavit here referred to as being lost was subsequently copied into the bill of exceptions. It asks the court to set aside the default and allow a motion to be made to strike out "certain portions of the complaint." The reasons for the motion are stated to be that *Mr. Sheeks*, the associate counsel of the affiant, had the papers in the case in his hands, and only informed the

affiant on the day previous that the case would be called that morning, and he prepared the motion to strike out certain portions of the complaint, on the supposition that no proceedings were necessary until that morning; that there had been no intention to delay the issues either on the part of *Mr. Sheeks* or himself.

It is provided by section 99 of the code (2 G. & H. 118), that the court may, " in its discretion, allow a party to file his pleadings after the time limited therefor; and at any time within one year relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect, and supply an omission in any proceedings." By this provision, it was in the "discretion" of the court below to allow the appellant to file her pleadings after the time limited therefor, and to relieve her from the judgment and permit her to plead, or to refuse the application. And it has been too often held by this court to need a reference to the cases, that " where a discretionary power is vested in an inferior court, there must be a plain case of the abuse of that discretion in order to justify the interference of this court. Where, in such case, the default is attributable to the negligence of the party, it should not be set aside, even by the lower court, unless it be shown that such negligence was excusable.

A default and judgment against a defendant regularly served with process, or who has voluntarily appeared to the action, should not be set aside on motion unless it be made to appear that the defendant has a meritorious defense to the action, or to some part of it, and that the default was the result of mistake, inadvertence, surprise, or excusable neglect.

The statement in the affidavit of the appellant that the assessment was greatly above the actual value of the work done, does not show a valid ground of defense, as the record shows the work was contracted at a given price per cubic yard. It may be conceded that the fact stated in

the affidavit, that the side-walk was improperly included in the estimate, if true, would constitute a good defense to a part of the claim. But the affidavits wholly fail to show any reasonable excuse whatever for the neglect to file an answer within the time limited by the court, or for the failure to appear when the default was taken. If such statements as those relied on here were held sufficient to justify the court in setting aside a default and judgment, it would place it in the power of defendants to delay recoveries almost indefinitely. Such a practice should not receive the sanction of any court. The court did right in overruling the motion, and the judgment must therefore be affirmed.

The judgment is affirmed, with costs.

*J. W. Blake, J. E. McDonald, A. L. Roache* and *D. Sheeks*, for appellant.

*B. K. Elliott, J. B. Black, R. D. Logan* and *B. F. Brown*, for appellee.