SIDNEY A. POWELL *v.* J. M. WEITH.

The mistake, inadvertence, surprise, or excusable neglect, stated in sec. 133, Code of Civil Procedure, as a ground for relieving a party from a judgment, &c., is a question of law, and if the Judge below errs in his ruling in regard thereto, this Court will review his decision.   The Judge is the sole finder of the *facts* upon which application for such relief rests.

MOTION to set aside a verdict and judgment, the latter obtained at the Fall Term, 1870, heard by *Tourgee, J.,* at Fall Term, 1872, of GUILFORD Superior Court.

The original action was CASE, commenced on the 11th day of August, 1863, and returnable to Fall Term, 1863, of the Superior Court af Law of Guilford. No declaration or incipiter was filed until August Special Term, 1870. At Fall Term, 1870, the case having been removed into the new Superior Court in January 1869, judgment was rendered in favor of the plaintiff.

Within the time prescribed by section 133, Code of Civil Procedure, the defendant makes this notion to set aside the judgment, on the ground of excusable neglect. His Honor overruled the motion and the defendant appealed.

Other facts, pertinent to the point made, are stated in the opinion of the Court.

*Dillard, Gilmer & Smith,* and *Scott,* for appellant.
*Morehead,* contra.

READE, J. C. C. P., section 133, allows a Judge " in his discretion, and upon such terms as may be just, at any time within one year after notice thereof, to relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

We have repeatedly said, that what is meant by " mistake, inadvertence, surprise, or excusable neglect," is a question of law, and that if the Judge below erred in his ruling as to the law we could review him, just as in any other case. And we have as frequently said that his Honor below is the sole finder of the *facts* upon which the application rests. Simple as this seems to be, we have hitherto been unable to induce the practice to conform to it.

After his Honor hears the evidence he ought to declare that it is, or is not sufficient to set aside the judgment. And, if both parties are satisfied with his ruling, there is an end of it ; but if either party desires to appeal, then the

.case is made up for the Supreme Court, as in any other case. And when the case comes up we consider his Honor's find-·ing of the facts as we would a special verdict, or as a case .agreed, and declare the law thereon. For example: The ·facts were that the plaintiff sued the defendant in 1863 for .deceit in the sale of · tobacco. The defendant employed John A. Gilmer, a lawyer practicing in the Court, to defend :the suit, and left with Mr. Gilmer a written contract between .himself and plaintiff, which Mr. Gilmer assured him was a ·complete defence, and that he need not give the case any further attention. That Mr. Gilmer engaged the assistance ·of Messrs. Scott & Scott, attorneys of that Court, and subsequently formed a law copartnership with his son, and died pending the suit. That the suit was pending at the .adoption of the Constitution in 1868, and was transferred to the new Court within one year thereafter, and was tried at Fall Term, 1870, and was defended by Mr. Gilmer, Jr., and :Messrs. Scott & Scott, when the plaintiff had verdict and :judgment. That defendant was a resident of New York, .and never gave the suit any attention after he employed Mr. Gilmer, and was not present at the trial. That defend:ant's counsel did not have the alleged written contract on the trial, but the plaintiff had it and exhibited it, but it was ·not used or asked for by defendant's counsel. The defend·ant had notice of the result of the trial soon after and took no steps for an appeal. And these facts were held by his Honor not to make out a case of excusable neglect.

The foregoing are the facts in this case, if we have gathered them correctly from the confused mass before us, and upon this state of facts we are of the same opinion with his Honor. But instead of stating the case in some such succinct way as above, we have twenty-one legal cap pages of testimony, not facts, but testimony, not one word of which is it proper for us to consider. And then we have twenty-one questions, many of them involved and immaterial, and

all of them irregular, propounded by the defendant to his Honor, which his Honor (protesting all the while as to their immateriality and as to the irregularity of being thus cate-chised) proceeded to answer *seriatim,* covering twelve pages. And then we have divers exceptions on the part of the de-fendant, not to the rulings of his Honor as to the law, but as to his finding of the facts, not one of which we can re-view. And then we have nine exceptions on the part of the plaintiff to the defendant's exceptions, in which the plain-tiff maintains that the Judge's finding of the facts were right.

We know the anxiety of counsel to get in everything on their side and the commendable disposition of the Court to indulge; but we earnestly press upon the attention of the profession and of the Courts, that such records have but little of the impress of "civil procedure," and tend to op-press suitors with costs and delay.

There is no error.

PER CURIAM. Judgment affirmed.