The defendant in this action, had issued an attachment against the plaintiff, under the name of the "Deep River Copper Mining Company," founded upon a note given to him by his brother, who claimed *Page 250 
to be the agent of the company. In this proceeding, the company allege, that they were sued by the wrong name; that they had no notice of the suit; and that the debt upon which the same was brought, is fraudulent, the pretended agent having no authority to contract a debt against the company. His Honor, upon the hearing below, found the following facts:
(301) 1. That the true name of the corporation is the "Deep River Copper Company of the city of Baltimore," and not the "Deep River Copper Mining Company."
2. That the land was levied on under the attachment, and publication made thereof in the wrong name.
3. That the Deep River Copper Company of the city of Baltimore had no knowledge of the attachment, nor publication made in the cause, nor of the judgment rendered, until after its rendition, and within twelve months of making this motion.
4. That the note sued on in that action, was given to the plaintiff therein, by one W. A. Martin, a brother of the said plaintiff, who claimed to be an agent of the company, and that the alleged consideration thereof is not just and true, or at least, is so suspicious, as to make it proper that the corporation should have an opportunity to contest it.
A further fact is stated by consent, "That the company was as well known by the one name, as by the other.
"Therefore, it is ordered by the Court, that the judgment in the action of attachment aforesaid, be vacated, and that the "Deep River Copper Company of the city of Baltimore" have leave to appear, plead or demur, as said corporation may elect to do, and to that end, the said original cause is ordered to be reinstated on the Civil Issue Docket."
From which judgment, the defendant herein appealed to the Supreme Court.
The statement of the case shows that the company was as well known by one name as the other. The Judge below in finding what was the company's real name, and finding no further when the pleadings admitted what the Judge had found was erroneous. It was his duty to decide whether the fact of its being as well known by one name as another affected the motion made.
As the company was as well known by one name as the other, the action was well brought, and the reason thereof is because a (302) service in this name is notice to the defendant of the pendency of the action.
The misname of a corporation is immaterial when the name given *Page 251 
sufficiently designates the corporation. Angel Ames on Cor., Sec. 647, and cases there cited.
It is a sufficient answer to a plea of misname that the party was equally well known by either name, Selma v. Shackleford, 17 Georgia, 615, S. case 16 U.S. Digest 445. Jones' estate 27 Penn. St., 336.
When the name of a corporation consists of several words, the transposition, alteration, or omission of some of them may not be regarded as important if it is evident what corporation is intended. Chadsey v.McRusy, 27 Ill. 253. S.C., 23 U.S. Digest 396.
There can be no difference, legally, between a personal service of process and the service by publication as in our case, the object of either being to bring the defendant into Court.
2. The Judge below erred in not finding the facts which are alleged to constitute surprise and negligence, he only found as a fact that the real name of the corporation was that which no one disputed. Griel v. Vernon,65 N.C. 76. Powell v. Weith, 68 N.C. 342.
As the company was as well known by the used name as the real one, it constituted neither surprise nor excusable neglect, and it was its duty to have appeared at the return Term and answer the action of plaintiff.
If the above view be correct then it is too late for defendant to object to the form of the affidavit made in the attachment, the publication was full, and it is also too late to inquire into the justness of Martin's claim against the company. The defendant had full notice of the pendency of the attachment, and having failed to avail himself of any defense that the then had, it is too late now to assert any defense.
Bailey, contra, cited and relied upon the case of Powell v. Weith,68 N.C. 342.
The case states that the plaintiff was as well (303) known by one name as the other, but it is found as facts, that he had no notice of action against him, and that the claim on which the judgment was taken, was fraudulent. And although it may be true that the party sued, was as well known by one name as the other, it is a strong circumstance against the defendant, that the note on which he sued out his attachment, was given by the agent of the company, a brother of the defendant, who necessarily, must have known the true name of his principal. The company should have an opportunity of contesting the claim.
There is no error.
PER CURIAM. Judgment affirmed.
Flowers v. King 145 N.C. 235; Monroe v. Niven 221 N.C. 364. *Page 252