Jaeger v. Evans.

JAEGER v. EVANS.

1. **Practice:** DEFAULT: HOW SET ASIDE. A default will not be set aside except upon a showing of the facts which support the claim of a meritorious defense, and a mere averment of the existence of such a defense is not sufficient.

 *Appeal from Clayton Circuit Court.*

MONDAY, JUNE 11.

A DEFAULT was entered against defendant for want of appearance which, at the time it was taken, he moved to set aside. The motion was continued to the next term, when showing was made of additional grounds therefor. It was then overruled. From this action of the Circuit Court defendant appeals.

*Stoneman & Chapin*, for appellant.

*Thomas Updegraff*, for appellee.

BECK, J. The notice and return of service were regular and sufficient upon their face and we will presume the Circuit Court in rendering judgment so held. Code, Sec. 2870. Jurisdiction was thereby acquired of the case. To authorize the setting aside of a default in such cases, the statute requires that an affidavit of merits must be filed. Code, Sec. 2871. This provision contemplates a *show-*

1. PRACTICE: default: how set aside.

*ing* of merits upon which the court may determine the sufficiency of the defense proposed to be made to the action, not an averment of the existence of merits which may be based upon the opinion or belief of the defendant. Without such showing the court could not exercise the judicial discretion upon which rests the determination of the questions involving the defendant's right to have the default opened. The uniform practice of the courts, so far as we are informed, requires in such cases a showing of facts whereon is based the claim of the existence of a meritorious defense. No such facts were revealed to the court below upon the motion of defendant. We cannot, therefore, say that the motion was erroneously overruled.

These considerations dispose of the case. Other questions raised by counsel need not be determined.

AFFIRMED.