### KING v. STEWART.

1. **Practice:** OPENING DEFAULT: AFFIDAVIT OF MERITS. Upon an application to open a default, an affidavit alleging that the defendant has a "good and substantial defense upon the merits" is not sufficient. The affidavit should state the facts constituting the defense.

2. ———: ———: ANSWER. Unless the affidavit sets out the facts constituting the defense, it is not error to refuse to grant the application and permit an answer to be filed.

*Appeal from Humboldt Circuit Court.*

FRIDAY, APRIL 19.

THE petition in this case was filed on the 8th day of December, 1875. Service of the original notice was made upon the defendant in Polk county; on the day following, requiring him to appear and defend before noon of the first day of the next February Term of said court.

The action was in equity to quiet plaintiff's alleged title to certain real estate.

The defendant did not appear on the first day of the term. On the second day a default was entered and a decree rendered as prayed for in plaintiff's petition. In the forenoon of the same day, defendant appeared by counsel and filed a motion to open the default and decree, and permit defendant to answer, which was submitted to the court, and overruled. Defendant appeals.

*Theodore Hawley*, for appellant.

*Doud & Clarke*, for appellee.

ROTHROCK, CH. J.—I.    It is first urged that "the court erred in granting a default and rendering judgment against defendant before the afternoon of the second day of said term of court."

Section 180 of the Code provides that judges of the District and Circuit Courts may provide by general rule "that the time of filing pleadings or motions shall be other than provided by this Code."

It appears from the argument of appellant's counsel that in the order fixing the times of holding the courts in the district, it was directed, in all actions in both courts, the defendants were required to move, demur, or answer before noon of the first day of the term. It also appears from the additional abstract that this order was entered of record in the Circuit Court in March, 1875, said court then being in session.

It is objected that this is no such general rule as is contemplated by the section of the Code above cited, because it was never adopted and published as there required.

It is a sufficient answer to this objection to say that the record before us does not show that the question as to the validity of this rule or order was presented to the court below. It cannot, therefore, be urged here.

II.    The affidavit presented with the motion to open the

**1. PRACTICE: opening default: affidavit of merits.** default, we think, sufficiently excused the failure of the defendant to appear and defend at the time named in the notice. But this is not all that is required. It must also be an affidavit of merits. Code, § 2871. The only statement of merits is in these words: "Defendant has a good and substantial defense to this cause upon the merits, as deponent verily believes, from an examination of the records, and facts of this case." This is but the statement of an opinion by affidavit. It should be a statement of facts, that the court may determine therefrom the question of merits.

III. The affidavit sets forth that the answer of defendant **2. ——: ——: answer.** was prepared and ready to be filed if the default should be opened, and the answer was tendered to the court, to be filed instanter.

It is urged that the court erred in not permitting the defendant to file his answer.

Defendant was not entitled to answer until it was adjudged that it was his right to have the default set aside. Then, as a condition, he must plead issuably and forthwith. Code, § 2871. It is not shown what the answer contained. Error must affirmatively appear. We cannot presume that the court abused its discretion in refusing to set aside the default.

AFFIRMED.