Palmer v. Rogers.

---

## PALMER v. ROGERS.

1. **Judgment by Default:** MOTION TO SET ASIDE: AFFIDAVIT OF MERITS.  Before a judgment by default can be set aside on motion of the defendant, he must not only file an affidavit that he has a meritorious defense, but must set out the facts relied on, so that the court may determine whether or not they constitute a defense.  (Code, § 2871, and cases cited in opinion.)

2. **Practice on Appeal:** RECORD: ABSTRACT NOT DENIED.  Where appellee's abstract does not squarely put in issue a statement made in the appellant's abstract, the latter will be taken as true.  For illustration see opinion.

3. **Appeal:** FROM FINAL JUDGMENT: WHAT INCLUDED.  An appeal from a final judgment brings up for review all intermediate rulings to which exceptions have been taken; and this includes a ruling setting aside a default.  (*Jones v. Chicago & N. W. R'y Co.*, 36 Iowa, 68, followed.  *Cohol v. Allen*, 37 Id., 449, and *Montgomery Co. v. Am. Em. Co.*, 47 Id., 91, distinguished.)

*Appeal from Monona District Court.*

THURSDAY, DECEMBER 16.

ACTION upon a promissory note. There was a judgment upon a verdict for defendant. Plaintiff appeals.

*McMillan & Kendall,* for appellant.

*Joy, Wright & Hudson,* for appellee.

BECK, J.—I. At the appearance term of this cause a judgment by default was entered against defendant. Upon his motion, the judgment was set aside at the same term, and the cause was continued to the next term, when a trial was had to a jury, and verdict and judgment were rendered for defendant.

II. Plaintiff now insists that the district court erred in setting aside the judgment upon the default, for the reason that

1. JUDGMENT by default: motion to set aside: affidavit of merits.

the application therefor failed to allege facts showing that defendant had a meritorious defense to the action. All that is said as to his defense is found in the following language used in his affidavits accompanying his motion, viz.: "I do further state that I have a good and meritorious defense to the entire cause of action." This court has held that, to comply with the statute, (Code, § 2871,) requiring the party in default to file an "affidavit of merits," the defendant against whom the default was entered must set out and show the facts constituting the defense which he claims to be meritorious, to the end that the court itself may adjudge whether, indeed, it be so. In the absence of such showing in this case, it was error to set aside the default. *Jaeger v. Evans,* 46 Iowa, 188; *King v. Stewart,* 48 Id., 334.

III. Counsel for defendant maintain that, as plaintiff did not except to the order setting aside the default, he cannot

2. PRACTICE on appeal: record: abstract not denied.

object to it in this court. They base their position, as to the fact of the absence of an exception, upon an amended abstract filed by defendant.

This abstract presents copies of the judge's docket, and of the judgment as found in the record. Neither shows an exception to the order setting aside the default. But it is not alleged in the amended abstract that there was no such exception. The original abstract does allege that there was, and it avers that a bill of exceptions was taken in the case, which shows all the matter claimed to be found in it. We will, upon this showing, presume that proper exceptions were shown by the bill of exceptions. Defendant's amended abstract does not put in issue the fact of the exception.

IV. Counsel for defendant further maintain that plaintiff does not appeal from the order setting aside the default, the appeal being from the final judgment only. But the appeal from a final judgment brings up for review all intermediate rulings to which exceptions were taken. *Jones v. Chicago & N. W. R'y Co.*, 36 Iowa, 68. The order setting aside the default is such a ruling. *Cohol v. Allen*, 37 Iowa, 449, and *Montgomery Co. v. American E. Co.*, 47 Id., 91, are not conflict with the conclusion just announced. The first case was an appeal from an order made upon a petition for a new trial, which, under the statute, (Revision, § 3116; Code, § 3155,) is a new proceeding. The appeal was in time for the order rendered therein, but not in time for the review of the judgment. The court dismissed the appeal as to the judgment, and retained it as to the order upon the petition. The second case presented appeals by both parties to a chancery case. The decree did not award all the relief the plaintiff prayed for. This court held that the plaintiff did not appeal from the decree, and therefore the failure of the court to give the plaintiff all the relief prayed for could not be reviewed in this court. The facts of these cases distinguish them from the case at bar.

We reach the conclusion that the district court erred in setting aside the default. The judgment is therefore

REVERSED.