Jean v. Hennessy.

AFFIRMED.

---

## JEAN v. HENNESSY.

1. **Judgment by Default : SETTING ASIDE : DILIGENCE OF ATTORNEY.** While a sufficient ground for making default must always be shown before judgment thereon will be set aside, yet a mistake of the party's attorney, even though it relates to a matter concerning which he is charged by law with notice, may afford sufficient ground of excuse. So, also, may an assurance by the judge as to the course which will be pursued in the cause, even though unauthorized, if it has in good faith been acted on by the attorney. (See opinion for illustration.)

2. ——— : ——— : **AFFIDAVIT OF MERITS : SUFFICIENCY : FORMER ADJUDICATION.** While a party seeking to set aside a judgment by default cannot rely, for a showing of merits, upon a mere general statement that he has a good defense, yet an affidavit to the effect that all the matters alleged in the petition as grounds for the action were involved and adjudicated in a former action between the same parties, is *held* sufficient.

3. ——— : ——— : **AFFIDAVIT BY ATTORNEY.** An attorney of a party against whom judgment by default has been rendered may make an affidavit of merits, upon a motion to set it aside, when he is acquainted with the facts.

4. **Appeal**: PRACTICE : ORDER SUBSEQUENT TO ONE APPEALED FROM. Where the order appealed from was one setting aside a judgment by default, *held* that this court could not consider a complaint made by appellant that appellee was permitted to file a demurrer to the petition after the judgment had been set aside, instead of an answer, as required by Code, section 2871. His remedy was to move to strike the demurrer from the files.

*Appeal from Clinton District Court.*—HON. A. J. LEFFINGWELL, Judge.

FILED, MAY 8, 1888.

PLAINTIFF obtained a judgment by default against defendant, which the district court on motion set aside, and the appeal is by plaintiff from that order.

*A. T. Wheeler*, for appellant.

*Ellis & McCoy* and *W. J. Knight*, for appellee.

REED, J.—I. The judgment was entered on the twenty-ninth of January, 1887, and the motion to set aside the default was filed during the same term of court. The questions arising in the case are as to the sufficiency of the showing made in excuse of the default and of the affidavit of merits. Defendant resides in the city of Dubuque, and the attorney who had charge of the cause for him in the court below also resides in that city. The action was commenced before the preceding term of the district court, and defendant's attorney appeared in the cause at that term, but filed no pleading in the cause. He applied to the court for time to plead, and time was given him, but no time was fixed within which he was required to plead. The judge stated to the attorney, however, that no further action would be taken in the cause without notice to him. The cause was then continued generally, and the attorney left the court. Under the order then in force fixing the times of holding the district and circuit courts in that district, the next term of the district court would commence about the first of March, and a term of the circuit court

1. JUDGMENT by default : setting aside : diligence of attorney.

would commence early in January. On the first of January, however, the statute abolishing the circuit court (Acts Twenty-first Gen. Assem., chap. 134), took effect; and, under section six of the act, a term of the district court would, unless some other provision was made by order of the judges, commence at the time fixed in the order for holding the circuit court. The showing made in excuse of the default is to the effect that the attorney overlooked the fact that a term of the district court would commence in January until near the end of the month, and that he relied on the assurance given him by the judge at the former term that nothing further would be done in the case without notice to him, and did not go to Clinton county until informed that a default had been taken in the case. We think the showing is sufficient. It is true that the parties were bound to take notice of the fact that, under the statute as it existed after the first of January, a term of the court would occur in that month. It is also true, perhaps, that the judge could not, by a mere parol assurance as to the course which would be pursued in the cause, bind any of the parties or conclude their rights. But an application to set aside a default is addressed to the sound discretion of the court. A sufficient excuse for making the default must be shown; but a mistake, even though it relate to a matter concerning which the party is charged by law with notice, may afford sufficient ground of excuse. So, also, may an assurance by the judge as to the course which will be pursued in the cause, even though unauthorized, if it has in good faith been acted on by the party. It is not necessarily an act of negligence to rely on such assurance. The showing brings the case within the rule of *Ordway v. Suchard*, 31 Iowa, 481.

The affidavit of merits was made by the attorney for defendant, and was to the effect that all the matters alleged in the petition as grounds for the action were involved and litigated in a former action between the same parties. This was sufficient. It is only necessary, in such

2. —— : —— : affidavit of merits: sufficiency: former adjudication.

Jean v. Hennessy.

case, to show that the party has a defense to the claim made against him. This must be done, it is true, by giving a statement of the facts constituting his defense. The party cannot rely upon a mere general statement that he has a good defense to the action. *Jaeger v. Evans*, 46 Iowa, 188; *King v. Stewart*, 48 Iowa, 334. But defendant did not rely upon such general statement, but averred the facts constituting his defense.

It is insisted, however, that the affidavit should have been made by defendant, and that the attorney was 3. —:—: incompetent to make it. It often occurs, affidavit by however, that the attorney has full knowl- attorney. edge of the facts constituting the defense in the case. We know of no reason why he might not, in such case, make the affidavit of merits. The statute contains no provision forbidding it, and there is no reason growing out of the nature of the case which precludes him from making it. The attorney in the present case was engaged in the former litigation between the parties, and was doubtless more familiar with the facts than was defendant himself.

Complaint is also made that the court, after setting aside the default, permitted the defendant to file a 4. APPEAL: demurrer to the petition. The statute ( sec. practice: 2871) provides that one of the conditions order subse- quent to one upon which a default may be set aside is appealed from. that " of pleading issuably and forthwith." In the present case, however, when the order was made, it was agreed by the parties that defendant should have until the first day of the next term to "plead," and the agreement was embodied in the record, and the demurrer was filed at the time so designated. We are of opinion that this question cannot be considered upon this appeal. The appeal is from the order setting aside the default; but the matter complained of occurred long after the order was made, and relates to a matter which does not pertain to the order. If, as plaintiff contends, the only pleading defendant was entitled to file was an answer, his remedy was by moving to strike the

demurrer from the files; and until the question of the right of defendant to demur has been passed upon by the lower court, we cannot determine it. The order of the district court will be ·

AFFIRMED.