THE POLK COUNTY SAVINGS BANK v. FRANCIS GENESER, Appellant.

**Setting Aside Default:** AFFIDAVIT OF MERITS: *Appeal.* Under Code, section 2871, requiring an affidavit of merits, to authorize the setting aside of a default, an affidavit which merely states that the question to be put in issue is "as to the liability of the defendant —such as grew out of the alleged alteration of the note sued upon," is insufficient, as it does not state that the note was in fact altered, or that defendant has any defense thereto; and while the district court has a discretion in such matters, yet, it is a legal discretion, and an order setting aside a default on such a showing, will be reversed.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

SATURDAY, FEBRUARY 6, 1897.

ACTION at law to recover an amount alleged to be due on a promissory note. A judgment was rendered by default against the defendant, and was afterwards set aside, and a trial to the court without a jury was had, and a second judgment was rendered against the defendant, from which he appeals. The plaintiff appeals from the order of the court which set aside the judgment by default and granted a new trial, but the appeal of the defendant was first taken.—*Reversed.*

*Bishop, Bowen & Feming* for appellant.

*Cummins & Wright* for appellee.

ROBINSON, J.—The plaintiff seeks to recover the amount which appears to be due on a promissory note for the sum of four thousand dollars, given on the twelfth day of October, 1892, by W. B. Crosby to the defendant T. A. Harding, and indorsed in blank

by the payees, and transferred to the plaintiff before maturity. It was an accommodation note, accepted and indorsed by the payees .for the benefit of the maker, and as originally · drawn, it contained the name of Dan Lehane as one of the payees. His name was erased, however, and the defendant claims that the erasure was made after he indorsed the note; that it was material, and without his consent; that it made the note void as to him; and that the plaintiff took it with notice of the alteration. Other defenses are also set out in the answer. The plaintiff, in its reply, pleads a ratification of the alteration, and an estoppel. It also claims that the alteration was made before the defendant indorsed the note. The original notice in this action informed the defendant.that, on the second day of November, 1893, the petition would be on file, and that, unless he appeared and defended before noon of the second day of the November term, which commenced on the thirteenth day of November, 1893, default would be entered against him. On the thirtieth day of October, 1893, he signed an acceptance of service, of which the following is a copy: "We hereby accept service of the within notice this October 30, 1893, at Des Moines, Iowa, and waive time of filing of petition, and consent same may· be filed on or before December 1, 1893, with the understanding that we are to have until the second day of December, 1893, to appear and defend in said action." The petition was filed on the first day of December, but, no pleading having been filed by the defendant, on the thirteenth day of January, 1894, he was found to be in default, and judgment was rendered against him for the amount of the note. Ten days later he filed a motion to set aside the default, for reasons set out in an affidavit of one of his attorneys, which accompanied the motion. The affidavit stated that in December, 1893, the affiant was retained by the defendant to appear

for him in the cause; that affiant understood that an appearance had been entered for the defendant by other attorneys; "that docketing of said cause was by consent, rather than in the ordinary way provided for by statute; and that the issues to be made up by agreement between the parties, the question being as to the liability of the defendants, Geneser and Harding, such as grew out of the alleged alteration of the note sued upon by the plaintiff;" that the affiant understood that the case was not to be docketed except as of this January, 1894, term of the court; that, most of the time since the beginning of that term, the affiant had been unwell, and unable to attend to any business, excepting that which pressed itself upon him and demanded immediate attention.

The portion of the affidavit which we have quoted is all which refers in any manner to the defense which the defendant had to the note, and that does not state that he had any defense. To state that the question to be put in issue was "as to the liability of the defendant, * * * such as grew out of the alleged alteration of the note sued upon," is not to state that the note had been altered, nor that the defendant had any defense to it. Nothing contained in the affidavit showed or tended to show that the defendant had any defense to the action. Section 2871 of the Code contains the following: "Default may be set aside upon such terms as the court may deem just, among which must be that of pleading issuably and forthwith, but not unless an affidavit of merits be filed and a reasonable excuse shown for having made such default. It is undoubtedly the policy of the law to dispose of cases upon their merits, and it is also true that a large discretion to grant new trials is vested in the district courts. But the plain requirement of the statute, that an affidavit of merits be filed, to authorize the setting

aside of a default, cannot be ignored. The discretion lodged in the trial court, is a legal one, to be exercised according to law. In *Palmer v. Rogers*, 70 Iowa, 382 (30 N. W. Rep..645), a statement in the affidavit of the defendant, that "I have a good and meritorious defense to the entire cause of action," was held to be insufficient as a showing of merits, and it was said that the facts constituting the defense should have been set out, to enable the court to decide whether there was a defense, and that, as they were not set out, the court erred in setting aside the default. The rule of that case is fully supported by the statute and the decisions of this court. *Jean v. Hennessy*, 74 Iowa, 350 (37 N. W. Rep. 771); *McGrew v. Downs*, 67 Iowa, 688 (25 N. W. Rep. 880); *King v. Stewart*, 48 Iowa, 335; *Jaeger v. Evans*, 46 Iowa, 188. The showing in this case to excuse the failure of the defendant to plead before his default was entered, although not satisfactory, may be regarded as sufficient, but the showing of merits was not sufficient, and, for that reason, the district court erred in setting aside the default. We reach this conclusion with less reluctance than we otherwise should, for the reason that a careful examination of the record leads us to believe that the evidence justified the court in finding that the defendant had not established the defense pleaded. But as our conclusion in regard to the setting aside of the default, prevents a formal consideration of the appeal of the defendant on its merits, it is dismissed. On the appeal of the plaintiff, the order of the district court setting aside the default and first judgment is REVERSED.