Marvin, J.
This is a proceeding in error to the court of commom pleas of this county.
Suit was brought in that court - by the plaintiff here against the defendant here, and judgment taken against the defendant upon default. This judgment was taken at the September term, 1900, and, at the same term, upon motion of the defendant that default was set aside and the case reinstated upon the docket of the court.
It is to reverse this order, setting aside th9 default, that this proceeding is prosecuted.
On the part of the plaintiff in error it is conceded that the granting of the motion was within the discretion of the court and that its order in the premises can only be reversed by a finding here that such discretion was clearly abused.
The grounds upon which the defendant asks to have the default set aside are set forth in a motion, in which it is averred that the defendant has a good defense to the action as set forth in the petition; that George H, Burrows, attorney for the defendant, from the time the action was brought in the court of common pleas up to the time when said default was taken, was very busy in attending to his professional business, and that by mistake of a clerk in his office the present case was omitted from the list of cases to which his attention should have been called^ and that the attorney did not know that he was in default of answer until after the judgment was taken.
This motion is supported by the affidavit of George H, Burrows, defendant’s attorney.
,The bill of exceptions discloses that the defense. relied upon, and which is averred in the motion to be a good defense to the cause of action set forth in the petition, is, that the money supd for in the original action,although owing by the defendant to the plaintiff, was not due at the time the suit was brought.
A rule of the court of common pleas is set forth in tha bill, which reads:
“Defaults entered upon the journal sh’all not be set aside except upon notice to the opposite party, and showing by the applicant of a good defense and a good reason why he; is in default; in which case the default may be set aside up *766 on such terms as the court may deem just; and the pleading for the setting aside of which such default exists, shall be filed forthwith unless otherwise ordered by the court.”
It is said that the setting aside of the default here was in violation of this rule, because the defense shown was not a good defense to the action; and that the setting aside of the default was, therefore, an abuse on the part of the court of the discretion vested in it by law in such case.
Numerous authorities are cited on the part of the plaintiff in error in support of the proposition that there may be such an abuse of discretion on tbe part of the court in setting aside its orders made during the term as would constitute reversible error,
That the excuse given for not filing an answer in time by counsel for defendant is a very weak one cannot be denied; and the court would have been justified in refusing to set aside the judgment.
Counsel for the defendant undertook to comply with the rule of the court already quoted, in setting out what the defense was, Whether, if this had not been done, we should be justified in reversing the case for a non-compliance with this rule, it is unnecessary to say; but as the defendant did set out what his defense in the matter was, we are called upon to look at that defense.
The suit was upon a contract, That contract consists of correspondence which passed between the parties,and shows that certain goods owned by the plaintiffs were consigned to the defendants. A part of such goods were paid for by the defendants; as to the balance a claim was made by the defendants, that they were not, in the first instance, purchased by them but only received to be sold by the defendants for the plaintiffs. In the letter from the defendants to the plaintiffs, in which this claim is made, it is stated that if the plaintiffs choose to do so,they may leave the goods with the defendants and they will accept and pay for thorn after the first of July. * * * To this the plaintiffs answered that they would agree to the proposition made by the defendants that the goods should be kept and paid for after the first of July.
The original bill of the goods furnished by the plaintiffs contains the words “Time,60 days.” This suit was brought *767 in less than sixty days after the first of July, and the claim ■of the defendants was that it was prematurely brought; that a fair construction of the contract made by the correspondence is that payment should be made for these goods sixty -days after the first of July.
White. Johnson, McCaslin and Cannon, for Plaintiff in Error.
Geo, H. Burrows, for Defendant in Error.
We do not think this a proper construction of the con-bract, but that the plaintiffs were entitled to payment immediately after the first of July; that their suit was not, therefore, prematurely brought, and that what is claimed by the defendants as a defense could not have availed. That being the case, the default should not have been set ■aside, and the mistake of the court in setting it aside was ■such that we feel bound to reverse the order of the court in bhat regard, which is done accordingly,
Note — White, Johnson, McCaslin & Cannon, lor Plaintiff in Error: It was error in the oourt below to enter judgment by •default, in favor of plaintiff in error,although at the same term at which the judgment was entered. The power of a court over its proceedings at the same term, is far different from what it is after the term, but, while at the same term, the granting of a motion to set aside a default is in the discretion •of the court, yet this discretion is not arbitrary discretion, but a sound, legal discretion for an abuse of which, either in the granting or refusing the motion,error will lie. Bailey v. Taafe., 29 Calif., 422, 428 4; Williamson v. Cummings Rock Drill Co., 95 Calif., 652, 653; Kite v. Lumpkin, 40 Ga., 506; Arnold v. Palmer, 23 Mo., 411, 414 15; John T. Noyo Mfg. Co. v. Wheaton Roller Co., 60 Minn., 117, 118; Gray v. Sabin, 87 Calif., 211; Palmer v. Rogers, 70 Ia., 381, 382; Culver v. Brinkerboff, 180 Ill., 548, 551-52; Merritt v. Putnam, 70 Minn., 399, 400 (*493); Powell v. Weith, 68 N. C., 342, 343; Johnson v. Eldred, 13 Wis., 482. 485.
If there is no negligence, but no defense is shown, the order setting aside the default should be reversed. Holden v. Kirby 21 Wis, 149.
Even though the order setting aside the default is made at the same term as the default. Stilson v Ranken, 40 Wis, 527, 531-2
An order setting aside a default should be reversed when the only reason given is the error of the attorney as to the answer-day, for which he gives no other explanation except that there were so many cases against the same defendant that he overlooked the one in question. Williamson v. Cummings Rock Drill Co., 95 Calif., 652, 653.
*768 It is error to set aside a default caused by the negligence of the attorney. John T. Noye Mfg. Co. v. Wheaton Roller Co., 60 Minn., 117, 118.
(2.) There was a gross abuse of discretion in this case. a. Because no sufficient excuse was given for the failure to answer in time, bf Because no defense is shown to exist.
a. The affidavit to set aside the default gives, as a cause, that the case was overlooked by counsel owing to confusion in-his office, caused by one member of the firm going out. It is shown by affidavit that this member of the firm went out before the suit was commenced, which is not denied. It was not-his absence, then, which occasioned the failure to answer. The only other reason given is the fact that the defendant’s attorney had over one hundred oases in court. If this is sufficient reason for not attending to business, there are a large number of the bar who would be entitled to disregard all rules as to-time for pleadings or as to the setting down of cases for trial. The negligence of attorneys is the negligence of clients. 1 Freeman on Judgments, sec. 112; Manufacturers Paper Co. v. Lindbom, 80 Ill. App., 267, 276; Kreite v. Kreite, 93 Ill, 583, 584, 586; Field v. Nelson, 8 Mo. 686, 688.
Mistakes of the attorney’s clerk is the inadvertanoe of the attorney,and is not ground for setting aside a default. Barrett v. Queen City Cycle Co., 179 Ill. 68, 70.
A default will not be set aside for the negligence of the attorneys. Smith v. Tunstall, 56 Calif., 175.
Press of business and consequent inadvertance of the attorney is no ground for setting aside a default. Schultz v. Meiselbar, 144 Ill., 26, 28, s. c. 44 Ill. App. 233, 234.
Misunderstanding between counsel for defendant and their mistake and consequent failure to file pleadings, is no ground for setting aside a default. Blake v. Stewart, 29 Ind. 318, 320-21, 322.
If the attorney for defendant forgets the date for trial, default will not be set aside. B. O. & O. R, R. Co. v. Flinn, 2 Ind. App. 55, 60-61.
The following cases are quite similar in the facts to the one at bar,and it was held that the default should not be set aside. Kirby v. Chadwell, 10 Mo., 392, 393; Austin v. Nelson, 11 Mo., 192. Phelps v. Osgood, 84 Ind. 150, 151, 152.
b. The motion and affidavit to set aside the default does Dot set forth auy defense, nor is any answer filed with it, nor has any answer ever been filed, The affidavit and motion merely says: , “It has a good defense to the herein action."’ It does not state any facts nor disclose what is the defense. On the other hand, the letters attached to the adverse affidavits and the facts therein stated, show affirmatively that there can be no defense, and that the defendant is merely seeking for delay, which it has, thus far, accomplished. If the affidavit for merits is insufficient,it is error to set aside the default. Holden v. Kirby, 29 Wis. 149; Stilson v. Ranken, 40 Wis., 527, 531-2; Bailey v. Taafe, 29 Calif. 422, 425-6; Arnold v. Palmer, 23 Mo., 411, 414-15.
The affidavit must state the. ,grounds of defense distinctly, and verify them by affidavit. Frost v. Dodge, 15 Ind. 139, 140; Blake v. Stewart, 29 Ind., 318, 321; Phelps v. Osgood, 34 Ind. 150, 153; Brebinger v. Taylor, 64 Mo. 63, 66; Jaeger v. Evans, 46 Ia. 188; *769 Palmer v. Rogers, 70 Ia. 381, 382; Roberts v. Corby, 86 Ill. 182, 184; Goldsberry v. Carter, 28 Ind. 59, 60; Culver v. Brinkerhoff, 180 Ill., 548, 552-3; Lamb v. Nelson, 34 Mo. 501. 503; Contreras v. Hayes, 61 Tex. 103, 106.
(3.) The judgment below is erroneous because the default was set aside without imposing costs upon the defendant. It is error to set aside a default, whether the excuse is a good one or not, and whether a good defense is shown or not, unless, judgment is rendered against the mover for the costs. The plaintiff has not been in any default. It has taken his judgment because the defendant, for some reason, failed to file an answer at the time appointed by law. This it had a right to do. Granting the motion to set aside the default is a favor to the defendant,and it is error to leave the costs to abide the result of the*action. Bailey v. Taafe, 29 Cal., 562; Heermaur v. Sanger, 48 Cal., 562.