WILLIARD CARVER, Appellant, v. SEEVERS & BRYAN, and GEORGE W. SEEVERS.

**Defaults:** SETTING ASIDE: PRACTICE. Where time to file a substituted petition is given " until " a certain day, the day named will be excluded unless a contrary intention appears, and a default judgment taken upon a petition filed on the day so named will be set aside without the filing of an affidavit of merits and an answer.

**Same.** The order of the trial court in setting aside a default will not be disturbed on appeal unless a clear abuse of discretion is shown.

*Appeal from Mahaska District Court.*— HON. BYRON W. PRESTON, Judge.

WEDNESDAY, FEBRUARY 15, 1905.

APPEAL from an order setting aside a default.— *Affirmed.*

*Williard Carver,* for appellant.

*John O. Malcolm,* for appellees.

SHERWIN, C. J.— A motion attacking the original petition was sustained, and the plaintiff was given leave to file a substituted petition, which he did.   A motion to strike this petition was also sustained, and the plaintiff was given leave to plead further within five days.   He did not comply with

the order, however, and the case stood without a petition for more than thirty days after the order was entered. He then, on the third day of April, 1903, asked and was granted until the first day of the next term to plead. The first day of such term was on the 7th day of April, and he filed no pleading before that day, but he did then file a substituted petition, without further leave or notice to the defendants. The last order giving him leave to file also gave the defendants ten days in which to plead thereto. The defendants found no pleading in the clerk's office on the 6th day of April, for there was none, and paid no further attention to the matter. On the 19th day of April the defendants' attorney who had sole charge of the case was excused from attendance on the court on account of sickness in his family. On the 5th day of May, which was a day of the April term, and while the defendants' attorney was still absent, and without further notice to the defendants, the plaintiff took a default, and secured a judgment against them. A motion to set the default aside was filed the next day, and, after the plaintiff had filed his resistance thereto and a hearing had been had, the motion was sustained and the default was set aside on the 8th day of June. We think there was no abuse of discretion in so doing. The application was made during the term, and was accompanied by an affidavit of merits which is practically conceded to have been sufficient, and we think the excuse offered was also sufficient. Indeed, the court may well have found that the default was improperly granted, for the reason that the second substituted petition was not filed before the 7th day of April. And such finding may have been fully justified by the history of the case. When time is given until a day named, "until" is ordinarily exclusive in its meaning, and will be so construed unless it be shown by the context or otherwise that the contrary was intended. Century Dictionary; *People v. Walker*, 17 N. Y. 502; *Kendall v. Kingsley*, 120 Mass., 94. And if the petition was not filed when it should

1. DEFAULTS: setting aside; practice.

have been the default was improperly granted, and an affidavit of merits and an answer were not necessary. *Beasley v. Cooper,* 42 Iowa, 542; *U. S. R. S. Co. v. Potter,* 48 Iowa, 65. But in any event the answer was in fact filed before the default was set aside, and it must be presumed that the court examined it and found it sufficient. It need not have been filed until after the default was set aside. *King v. Stewart,* 48 Iowa, 334. And it is sufficient, we think, if it be presented for the consideration of the court and counsel in connection with the affidavit of merits and motion.

Courts do and should favor the trial of causes on their merits, and this court will not interfere with the order of a trial court setting aside a default unless an abuse of discretion be conclusively shown. *Briggs v. Coffin,* 91 Iowa, 329; *McQuade v. C., R. I. & P. Ry. Co.,* 78 Iowa, 688.

2. SAME.

It does not appear in this case, and the order is therefore *affirmed.*