GEORGE A. BOODY, Petitioner, v. H. H. SAWYER, Judge, Respondent.

**COURTS:** Municipal Courts—Procedure in re Appearance. The statu-
1　tory provision (Sec. 10529, Code of 1924) that party litigants in justice courts are entitled to one hour in which to appear after the time fixed in the notice of suit, is not made applicable to actions in municipal court by the statutory provision (Sec. 10667, Code of 1924) that the *pleadings* (in certain cases) shall be the same as for civil actions in justice of the peace courts.

**JUDGMENT:** Default—Setting Aside—Affidavit of Merit. Defaults
2　in municipal courts may not be set aside in the absence of an affidavit which specifically sets forth the facts relied on as a defense to the action sued on. (See Book of Anno., Vol. 1, Sec. 11589, Anno. 64 *et seq.*)

Headnote 1: 15 C. J. p. 992. Headnote 2: 15 C. J. p. 992.

*Certiorari to Des Moines Municipal Court.*—H. H. SAWYER, Judge.

MARCH 9, 1926.

CERTIORARI to review the action of the municipal court of Des Moines in overruling a motion to set aside a default.—*Writ discharged.*

*Schaetzle & Sloane,* for petitioner.

*Franklin Brown,* for respondent.

VERMILION, J.—The petitioner was sued in the municipal court upon a demand for less than $100 for goods sold. He was properly served with a proper original notice to there appear and answer on July 3, 1925, at 9 o'clock A. M., or judgment would be rendered against him. He failed to appear at the hour fixed in the notice, and was adjudged to be in default. Thereafter, and within 10 days, petitioner filed in the municipal court a verified motion to set aside the default, alleging that his attorney was otherwise engaged in the district court between the hours of 9 and 10 o'clock on the day in question, and for that reason was unable to appear in the municipal court at the hour

fixed in the notice; that he did appear, however, before the expiration of one hour from the time fixed in the notice, and requested that his appearance be entered in the case, but was advised that default had been entered.  The motion alleged that "the defendant has a good defense to the action."  The motion was overruled, and judgment was rendered on the default.  The petitioner sued out the writ herein to review the action of the municipal court in so doing.

It is contended by respondent that certiorari will not lie because petitioner had an adequate remedy by appeal.  There being less than $100 involved, there was no right of appeal, except upon a certificate by the trial judge that the case was one where an appeal should be allowed.  Sections 12833 and 10683, Code of 1924.  It does not appear that petitioner requested such a certificate.  But the question whether a party aggrieved in such a case has such a right of appeal as will afford an adequate remedy and preclude a resort to certiorari is not argued in the briefs, and we express no opinion upon it.  But see *Eels v. Bailie,* 118 Iowa 519.

Assuming, for the purposes of the case only, that petitioner was entitled to pursue the remedy of certiorari, we are of the opinion, for reasons to be presently pointed out, that he was not entitled to relief.

I. It is urged that petitioner was not in default in the action in the municipal court, because, it is said, he had one hour from that stated in the notice within which to appear. This contention is based upon a consideration of the statutory provisions with respect to procedure in the municipal court.

Section 10663 of the Code of 1924 provides that there shall be no terms of the municipal court, but that it shall be open for business twelve months of the year.  By Section 10664 it

1. COURTS: municipal courts: procedure *in re* appearance.

is provided that all provisions of law relating to the district court shall, so far as applicable, and when not inconsistent with the statutes relating to municipal courts, apply to the latter; and that the judges of that court shall adopt rules of practice which shall conform, as nearly as may be, to the rules of the district court of the district in which the municipal court is situated.  By Section 10666, actions in the municipal court are divided into

classes, and Class B actions include all ordinary actions where the amount in controversy is $100 or less. Section 10667 provides in part:

"Pleadings in Class B cases shall be the same as for civil actions in justice of the peace courts."

Section 10529, relating to justice of the peace courts, provides that the parties in all cases are entitled to one hour in which to appear after the time fixed therefor.

It is the contention of the petitioner that, since the action in question was a Class B action, he was, under the provisions of Sections 10667 and 10529, supra, entitled to one hour after that fixed in the original notice within which to appear, and that, having appeared by attorney within that time, he was not in default. But the quoted portion of Section 10667 relates to pleadings,—not to the time for appearance of the defendant brought into court by service of original notice. We are of the opinion that Section 10529, relating to the time of appearance in justice of the peace courts, was not made applicable to Class B actions in the municipal court by Section 10667, relating only to the pleadings in such cases. This is the only contention of petitioner at this point. There is no claim that he was not in default if he did not have until 10 o'clock to appear, under the foregoing statutes, nor that default was not properly entered under the rules adopted by the municipal court.

II. By Section 10664, as we have seen, procedure in the municipal court is governed by the provisions of the law relating to the district court, so far as applicable, and when not in-

2. JUDGMENT: default: setting aside: affidavit of merit.

consistent with the statutes relating to municipal courts. Section 10681 provides that motions to set aside defaults may be made in the municipal court within ten days after the entry thereof. With this exception, the setting aside of defaults in the municipal court is governed by the statutes relating to like proceedings in the district court. While there has been some change in the wording of the statute in the Code of 1924, there is no change in the substance of the law or in the requirement of the statute in this respect from what it was in the prior statutes. See *Lynch v. Powers*, 198 Iowa 1060.

Section 11589 provides that a default may be set aside on

such terms as to the court may seem just, among which must be that of pleading issuably and forthwith, but not unless an affidavit of merits is filed, and a reasonable excuse shown for having made default.  Under this statute, it is well settled that it is not sufficient to state generally that the defendant has a good and substantial defense, but the facts relied upon as a defense must be stated.  *Jaeger v. Evans,* 46 Iowa 188; *Polk County Sav. Bank v. Geneser,* 101 Iowa 210; *Shaffer v. Morgan,* 188 Iowa 772.

The motion in the instant case was wholly insufficient in this respect to authorize the setting aside of the default, and it is not necessary that we consider the sufficiency of the excuse offered for the failure to appear.

It results that the writ must be and is—*Discharged.*

DE GRAFF, C. J., and STEVENS and FAVILLE, JJ., concur.