R. M. BORDEN, Appellee, v. LOUISE VOEGTLIN, Appellant.

No. 41602.

NOVEMBER 22, 1932.

REHEARING DENIED MARCH 8, 1933.

Lehmann, Hurlburt & Hossfeld, for appellee.

John McLennan, for appellant.

KINDIG, J.—On January 9, 1932, the plaintiff-appellee, R. M. Borden, obtained a default judgment against the defendant-appellant, Louise Voegtlin, in a proceeding then pending in the municipal court of Des Moines. This default was duly and legally obtained on a notice of suit, timely and personally served on the appellant.

Thereafter, on February 3, 1932, the appellant filed a motion in the aforesaid court to set aside the default, but no affidavit of merit accompanied the motion. After the hearing on this motion to set aside the default, the municipal court overruled the same. Thereupon an appeal was perfected by the appellant to this court, and a stay order issued to prevent the execution of the default judgment.

I. It is argued by the appellant on this appeal that the municipal court abused its discretion in refusing to set aside the default.

The appellee, on the other hand, contends that there are at least two reasons why the municipal court properly refused to set aside the default. They are: First, that no affidavit of merit accompanied the motion; and, second, that the motion was not filed within the ten-day period required by Section 10681 of the 1931 Code. If an affidavit of merit did not accompany the motion, the appellant would not be entitled to have the default judgment set aside. Likewise, if the motion were not filed within ten days, as re-

quired by the aforesaid statute, the trial court could not set aside the default.

In the first place, no claim is made by the appellee that an affidavit of merit accompanied the motion to set aside the default. No affidavit of merit, in fact, did accompany the motion. Consequently, the appellant was not entitled to have the default set aside on her motion, and the municipal court did not err or abuse its discretion in refusing to set aside the default. Boody v. Sawyer. 201 Iowa 496.

Moreover, it appears, in the second place, that the appellant did not file her motion to set aside the default within ten days after the same was entered. Section 10681 of the 1931 Code, supra, contains the following provision:

"* * * Motions to set aside defaults may be made within ten days after the entry thereof. * * *"

As before indicated, the appellant filed her motion to set aside the default more than ten days after the entry. This was not a motion "to vacate a judgment or order" (see Section 10681, supra), but rather the motion in the case at bar merely sought to set aside a default under the provisions of the statute above quoted. Therefore, it necessarily should have been filed within ten days after the default was entered in order to authorize the trial court to set the default aside. Merkel v. Hallagan, 207 Iowa 153; Harding v. Quinlan, 209 Iowa 1190.

Obviously, then, the municipal court did not err or abuse its discretion in refusing to set aside the default.

II. Following the ruling of the municipal court on the motion to set aside the default, the appellant, on February 13, 1932, filed a new motion asking the municipal court to reconsider its action in refusing to set aside the default. Accompanying this motion was an answer and an alleged affidavit of merit. Hence, it is said by the appellant that the municipal court also abused its discretion in refusing to reconsider its action in overruling the appellant's motion to set aside the default.

Clearly the appellant's contention is without merit. When the municipal court overruled the appellant's motion to set aside the default, there was no affidavit of merit on file. See Boody v. Sawyer (201 Iowa 496), supra. Furthermore, the appellant did not file either her motion to set aside the default or her motion to reconsider

within the ten-day period required by Section 10681 of the 1931 Code. See Merkel v. Hallagan (207 Iowa 153), supra; Harding v. Quinlan (209 Iowa 1190), supra.

Under this state of the record, it cannot be said that the municipal court erred or abused its discretion in refusing to reconsider its action in overruling the appellant's motion to set aside the default. Whether a motion to reconsider of the kind in question is permissible, we do not decide or suggest.

Wherefore, the stay order above mentioned is dissolved and the judgment of the municipal court must be, and hereby is, affirmed.—Affirmed.

STEVENS, C. J., and EVANS, BLISS, and CLAUSSEN, JJ., concur.