BOALS *et ux.* v. SHULES *et al.*

1. **Default:** POWER OF COURT TO SET ASIDE. Where judgment by default has been entered without legal authority (as upon an insufficient notice) the court may set the same aside without any showing on the part of the defendant or affidavit of merits, as prescribed by section 3150 of the Revision. Said section has reference to cases where the court had authority to enter the default.

2. **Original notice:** WHEN INSUFFICIENT. An original notice, requiring defendant to appear "on or before noon of the second day of the April term of the district court, to begin on the 12th day of April, 1870," is insufficient to require an appearance when the term did not commence until the 18th of said month.

3. —— APPEARANCE : DEFAULT. An appearance by the attorneys of a defendant, against whom a default has been entered upon an insufficient notice, after, and for the purpose of setting aside, the default, will not cure the defect.

*Appeal from Monroe District Court.*

WEDNESDAY, AUGUST 31.

ACTION against defendants, who are physicians, for malpractice. The term of the court began on Monday, the 18th day of April. On the second day of the term a default was entered for want of an appearance and answer. The service of the notice is sufficient, and the notice itself regular, except that it requires defendants to appear "on or before noon of the second day of the April term of the district court, *to begin on the 12th day of April,* 1870." After the default was entered certain attorneys suggested to the court the insufficiency of the notice, claiming that they did not appear for defendants, but did not disclaim being attorneys for the defendants in the cause. Whereupon the court inspected the notice and set aside the default. May 11, 1870, plain-

Boals v. Shules.

tiffs appealed from the order of the court setting aside the default, and, on the same day, caused a sufficient notice to be served upon the defendants, requiring them to appear and answer the petiton in said cause at the next (November) term of the court.

*Anderson & Stuart* for the appellants.

*Perry & Townsend* for the appellees.

BECK, J.—I. The appellant insists that the court had no authority to set aside the default in the manner 1. DEFAULT: shown by the record, and relies, in support of power of court to set aside. this view, upon Revision, section 3150. This section requires such an order to be based upon an affidavit of merits, and reasonable excuse shown for having made the default. This section is evidently applicable to cases where *defaults* are actually made, and where the court has authority to render judgment thereon. In a case where in fact no default has been made by the defendant, the court has no authority to enter judgment as upon default. This would be so when no service of notice is made. The judgment of the court would be without authority. In such a case the court would clearly have authority to expunge, set aside or vacate the order for default, on the ground that it was made without authority. The court has control of its own record, and, for sufficient cause, may amend or expunge any entry, before it is signed or during the term at which it was made. Rev. § 2666. This provision evidently applies to all entries made without authority, or upon a supposed state of facts, which are afterward proved not to exist. This court may, upon its own motion, under this provision, correct its record. As its duty is to administer the law and do justice, it is required by the highest obligation to permit nothing to be made or remain of

Boals v. Shules.

record that is not in accord with truth and within its authority,

In the case before us the notice was not sufficient to require the defendants to appear and answer at the term **2. ORIGINAL NOTICE: when insufficient.** the default was entered. It required appearance at a day before the term; and the fact that it also required the appearance to be on the second day of the April term is not sufficient. Notices has been held insufficient which required appearance on the " second day of the next term." *Decatur County* v. *Clements et al.*, 18 Iowa, 536 ; *Van Vark* v. *Van Dam*, 14 id. 232 ; *The Des Moines Branch State Bank* v. *Van et al*, 12 id. 523. The case before us is not different in principle from these.

The court, therefore, had no authority to render the default, and for that reason, and because it was contrary to the actual facts, properly set aside the order.

II. Appellants contend that the defendants appeared by their attorneys, and, therefore waived the defect in **3.—appearance: default.** the notice. The appearance, if any, was made after the default was entered, and for the purpose of pointing out to the court the error in its proceeding. This, in our opinion, is not such an appearance to the action as will cure the defect resulting from the unauthorized act of the court in entering the default. A judgment or order entered without authority may certainly be corrected, at the proper time and in the proper manner, upon the application of the party aggrieved. It can hardly be claimed that by making the objection he cures the very defect complained of. It is a very different case from a party appearing to object to insufficient notice. In such a case, it is held that the notice, by bringing the party into court, has served its proper office, and the party, being in court, is held to answer. In this case the party did not appear before the default was entered. The

notice being insufficient, and no appearance being entered for defendant, the default was not properly taken, and was objected to in a proper manner by defendants' attorneys.

The point made by defendants' counsel, that the service of a new notice, returnable to another term of the court, waives the right of plaintiffs to be heard upon this appeal, need not be determined. The decision of the court below must be affirmed upon the grounds above presented.

Affirmed.