, BEASLEY V. COOPER ET AL.

1. **Practice**: DEFAULT: MOTION TO SET ASIDE: VENUE. Where a motion for a more specific statement of the cause of action was overruled, and thereupon an application for change of venue on account of prejudice of the judge was filed, which was withdrawn from the files by plaintiff's attorney and the court, without knowledge of the application, rendered a judgment by default; *Held*, that the default should have been set aside without requiring a showing of a meritorious defense, and the application for change of venue should have been considered by the court.

*Appeal from Marshall Circuit Court.*

FRIDAY, MARCH 24.

ON the 31st day of March, 1875, judgment was rendered against the defendants for $212.00, and attorney's fees and costs.

On the 6th day of April, 1875, the defendants filed their motion, supported by affidavits, to set aside the default, which motion was overruled. Defendants appeal.

The material facts are stated in the opinion.

*O. L. Binford* and *Brown, Stone & Sears*, for appellants.

*Binford & Snelling*, for appellee.

DAY, J.—I. A motion to strike from the files appellee's amendment to the abstract was filed and submitted with the case. The abstract of appellants purports to be an agreed abstract, and appellants claim that it is such. Appellee denies that the abstract was agreed upon, and presents an amendment, differing in a most essential particular from the abstract prepared by appellant, and showing that the motion for change of venue was handed to the clerk by O. L. Binford, defendant's attorney, after the default was taken, and judgment rendered thereon. In the state of the record we deem it unnecessary to determine whether or not the abstract was agreed upon. An examination of the transcript shows that

appellants' abstract is full and fair, and that appellee's amendment is entirely without support in the record.

II. The action is upon a promissory note. On the 30th day of March, which was the second day of the term, the defendants appeared by their attorney, and filed a motion for a more specific statement in the petition. This motion was overruled, and leave was given to the defendants to answer on the morning of the next day, the third day of the term. About 10 o'clock on the morning of the third day of the term O. L. Binford, the attorney of defendants, filed with the clerk of the Circuit Court a motion, supported by the proper affidavits, for a change of. the place of trial, on the ground of the prejudice of the judge. Immediately thereafter O. L. Binford notified W. E. Snelling, of the firm of Binford & Snelling, attorneys for plaintiff, of the filing of this motion.

The clerk marked the motion for change of place of trial filed, but before he had time to enter it upon the appearance docket, W. E. Snelling carried it away, and up to the time of filing the motion to set aside the default, he had not returned it.

Afterward T. Binford, of the firm of Binford & Snelling, examined the appearance docket, and finding that no papers had been entered filed therein since the filing of the motion for a more specific statement, he had a default and judgment entered for want of an answer. On the 6th day of April defendants filed their motion, supported by affidavits, to set the default aside.

On the 7th day of April, the court ordered that the default should be set aside upon defendants showing a meritorious defense; and, on the next day the motion to set aside the default was overruled. Stated in its very mildest form the record shows that one of plaintiff's attorneys carried away the motion for change of place of trial, so that it could not be entered upon the appearance docket, and another of plaintiff's attorneys took a judgment by default because the appearance docket showed the filing of no paper to prevent it. It is clear that a judgment, so obtained, ought not to be permitted to

stand. If the court had known of the filing of the motion, the judgment would not have been rendered.

The only question is, whether or not the default, having been entered, can be set aside only upon showing a meritorious defense. Section 2871 of the Code provides that default shall not be set aside unless an affidavit of merits be filed, and a reasonable excuse shown for having made default.

*1. PRACTICE: default: motion to set aside: venue.*

But this section ,applies to cases where a party is actually in default, and for that reason it is properly entered; and not to a case where a paper which would save the default has been filed, and, notwithstanding, the plaintiff's attorneys procure a default by withdrawing the paper and deceiving the court.

Under section 2591 of the Code, where the objection is to the court, the place of trial may be changed before the issue is made up.

Yet, under the ruling in this case, where the objection was to the court, a change was denied unless defendants should show a meritorious defense. In imposing this condition the court erred.

The judgment is reversed, and the cause is remanded, with directions to set aside the default, and to consider the application for change of place of trial.

REVERSED.