BRANDT v. WILSON ET AL.

1. **Practice**: MOTION: TIME OF FILING: DEFAULT.  A motion for more
specific statement in the petition was filed on the third day of the term,
and on the same day an amended petition was filed, but no order was
made as to the motion until the morning of the fourth day, when the
court made the entry, "motion confessed." *Held*, that the defendants
had until noon of the fifth day to file an answer, and that a default ren-
dered on the morning of the fifth day was erroneous, and should have
been set aside without any affidavit of merits.

*Appeal from Howard District Court.*

WEDNESDAY, JUNE 7.

ACTION in equity to foreclose a mortgage executed by the
defendant Wilson to one Kennedy, and by him assigned to
the plaintiff.  The defendants, D. M. Osborne & Co., are made
parties as purchasers of the land subsequent to the execution
of the mortgage.  They alone were served with notice.  On
the third day of the term they filed a motion for an order
requiring the plaintiff to make a more specific statement of
his cause of action.  The motion was confessed, and an
amended petition filed.  Afterward, on the morning of the
fifth day of the term, no answer having been filed by the de-
fendants, default was entered against them and a decree of
foreclosure.  Afterward a motion was filed by the appellants
to set aside the default, accompanied by an affidavit showing
matters in excuse, and accompanied also by an answer.  The
court overruled the motion, and from the order overruling
the same, the defendants, Osborne & Co., appeal.

*H. T. Reed* and *G. E. Marsh*, for appellants.

*James O. Crosby*, for appellee.

ADAMS, J.—Some question is raised in regard to the suffi-
ciency of the affidavit of merits, but in the
view which we take of the case, it is not neces-
sary to consider it.

1. PRACTICE:
motion: time
of filing: de-
fault.

The defendants insist that they were not in fact in default, and that the entry of default was premature. The question as to whether they were in default or not, must depend upon the time when the motion for a more specific statement must be regarded as having been determined. They were not called upon to answer before noon of the day succeeding the day on which the motion was determined. Section 2640, McClain's Annotated Statutes. In the Code of 1873, and in Miller's Code, the word *morning* is incorrectly printed in the place of the word "noon," which, however, has been corrected in the edition of 1882 Upon this point there is no controversy. If the motion for a more specific statement cannot be held to have been determined before the fourth day of the term, the defendants had until noon of the fifth day of the term to file their answer. The defendants insist that the motion cannot properly be held to have been determined before the fourth day of the term.

The fact appears to have been that the plaintiff filed an amended petition making a more specific statement as called for by the motion, on the third day of the term. But the case was not called up, nor any entry made by the court until the morning of the fourth day. On that day the court made an entry in these words: "Motion for more specific statement confessed; amended petition on file." It appears to us that the motion should be considered as determined when this entry was made, and that the defendants had, until noon of the succeeding day to file their answer. It is true, that after the entry was made, it appears that it was changed and made to show that the motion was determined on the day on which the amended petition was filed. But the change, we think, could not properly affect the defendants' rights. They had, we think, the right to consider the motion as determined when the case was first called up and the entry in fact made, and were justified in governing themselves accordingly. It appears to us, therefore, that the defendants were not in default, and that the entry of default should have been set aside

upon the court's attention being called to it, and without any showing of excuse or affidavit of merits.   *Messenger v. Marsh,* 6 Iowa, 491; *Boals v. Shules,* 29 Iowa, 507.

.REVERSED.