Iowa Windmill & Pump Company, Appellant, v. C. A. Burris, Appellee.

**JUDGMENT:** Setting Aside—Expiration of Term—Mistaken
1  Assumption of Default. Judgments may be set aside on motion *subsequent to the term at which entered*, when such judgment is entered on the mistaken assumption that defendant is in default. Section 3790, Code, 1897.

**PLEADING:** Default for Want of—What Constitutes. Defendant
2  who, to an unverified petition, files an unverified answer and counterclaim, is not placed in default by the subsequent verification of the petition, and defendant's neglect to then verify his answer and counterclaim, especially when plaintiff's motion for more specific statement was on file and undisposed of at the time.

**PLEADING:** Verification—Failure to Verify Does Not Constitute
3  Default. It is suggested that a naked failure to verify a pleading does not place the pleader in default. Section 3588, Code, 1897.

*Appeal from Cedar Rapids Superior Court.*—Charles B.
Robbins, Judge.

Saturday, January 20, 1917.

Appeal by plaintiff from the order of the trial court set-
ting aside a default and judgment entered thereon against
the defendant. The material facts are stated in the opinion.
—*Affirmed.*

*James H. Rothrock* and *O. N. Elliott,* for appellant.

*Ring. & Hann,* for appellee.

Weaver, J.—This action at law was begun October 29,
1914, for the recovery of an amount claimed to be due plain-
tiff upon a contract for installing a heating plant in the house

1. **Judgment:** set-
ting aside: ex-
piration of
term: mistaken
assumption of
default.

of defendant. An answer was filed Decem-
ber 23, 1914, denying the alleged indebted-
ness and setting up a counterclaim. A mo-
tion by plaintiff for more specific statement
was then filed, and this motion stood awaiting submission.
On January 19, 1915, the cause was continued by stipulation.
On March 17, 1915, plaintiff amended its petition by adding
thereto an affidavit of verification. On March 27, 1915, the
plaintiff took a default against the defendant on the theory
that it was entitled thereto because defendant had failed to
verify his answer. Judgment was ordered on the default,
but not entered on the record until a later date. On April
26, 1915, defendant filed a motion to set aside the default,
showing in support thereof that his answer was on file at and
before the time such default was taken; that defendant was
not in fact in default because plaintiff's motion for a more
specific statement was still standing awaiting hearing and
ruling; and that, on the date of filing said motion to set aside
the default, no judgment entry had yet been entered against
the defendant. It was further alleged that the default was

entered so near the end of the March term of the court that no opportunity was given defendant to move to set it aside until the April term. The plaintiff resisted the motion, denying some of the allegations made in support of it, and urging that the court was without authority to consider the motion because it was not filed during the March term, 1915. The trial court sustained the motion, vacated the judgment and set aside the default.

That the setting aside of a default is a matter very largely in the discretion of the trial court, and will not be interfered with on appeal except upon a clear showing of an abuse of such discretion, is too well settled to require citation of authorities. Plaintiff does not seriously contest this proposition, but plants its demand for a reversal chiefly upon the ground that, this default having been granted at the March, 1915, term of the trial court, the authority of that court to entertain such motion ceased with the end of that term; and, the motion to set aside not having been filed until the April, 1915, term, the order sustaining it was entered without jurisdiction, and is therefore void. This position is taken in reliance upon Code Section 3790, which, after providing that a default may be set aside upon showing of reasonable excuse therefor, adds a condition that the application to set aside must be made at the term in which the default was entered. We are of the opinion, however, that the statute so cited does not cover the case with which we have here to deal, and that it was within the power and authority of the court, even at a subsequent term, to consider the question whether the defendant was actually in default. If, upon such inquiry, the court found that defendant was improperly declared to be in default when in fact he was not, and that he moved to set aside promptly on discovering the entry which had been made against him, the court was well within its jurisdiction in setting it aside. The restriction requiring that a motion to set aside a default must be made at the same term applies only when the party against whom it is entered is actually in de-

fault. In such case, the setting aside of the default is an act
of grace or favor to be granted only upon showing of suffi-
cient excuse for the party's failure to appear or plead, and
it is not unjust that he be required to move within the term.
But where he is not in fact in default, and such entry has
been mistakenly or wrongfully made against him in his ab-
sence, and he acts promptly on being informed thereof, it
would work a gross miscarriage of justice to hold that he may
not be relieved from the effect of the erroneous order so
made to his prejudice. *Messenger v. Marsh,* 6 Iowa 491, 493;
*Boals v. Shules,* 29 Iowa 507, 508; *United States Rolling Stock
Co. v. Potter,* 48 Iowa 56, 66; *Brandt v. Wilson,* 58 Iowa 485,
486; *First Nat. Bank v. Flynn,* 117 Iowa 493, 495; *Cooper v.
Disbrow,* 106 Iowa 550.

That the defendant was not in default, we think is quite
apparent from the record. He had made a regular and timely
appearance to the action, and had filed an answer and coun-
terclaim. To this, the plaintiff had responded
with a motion to require a more specific state-
ment in said pleading. That motion was still
standing, awaiting hearing and submission. He could right-
fully await such ruling, and if it was against him, he would
have had until noon of the following day to amend or elect
to stand. He could not be deprived of that right by the act
of the plaintiff in adding a verification to the petition. A
party is in default only where he fails to file or amend his
pleading within the time fixed by law, or by rule or order
of the court; or if, having pleaded, his pleading has, on de-
murrer or motion, been decided insufficient, or is stricken out,
and he fails to further plead, as required by the rules or
order of the court, or if he withdraws his pleading without
leave to replead. Code Section 3788. Under no phase of this
statutory definition was defendant in default. The case of
*Brandt v. Wilson,* 58 Iowa 485, is quite in point. There, a
motion to make the petition more specific had been filed and
confessed, and question arose as to the time when defendants

2. PLEADING: de-
fault for want
of: what con-
stitutes.

could thereafter be held in default.  It appeared that plain-
tiff confessed the motion by filing an amendment to the peti-
tion on the third day of the term, but the case was not called
up nor entry made by the court until the fourth day of the
term.  The default was taken on the morning of the fifth
day.  The court held that the defendant had the right to
consider the motion as having determined when the court
made its entry on the fourth day of the term, and therefore
the default taken on the morning of the fifth day was prema-
ture and unwarranted.

Even if the motion for more specific statement had not
been interposed in this case, we very much doubt whether the
plaintiff could rightfully demand a default because of de-
fendant's failure to amend his answer by a
verification.  When filed, no verification was
required, and, so long as it stood without or-
der of court striking or holding it bad on
motion or demurrer, he was not in default.  True, there is
a case (*Wilson v. Preston,* 15 Iowa 246) cited by plaintiff
where a petition was amended by verification after answer,
and a default entered against defendant for failure to amend
his answer was sustained, with little or no suggestion in the
opinion as to the grounds relied upon for the decision.  So
far as we have been able to find, it has never since been cited
as a precedent upon that point.  On the other hand, we think
it has been the general practice and understanding that, with
an answer on file which has not been assailed by demurrer or
motion, a default is not allowable, but that, before default
can properly be entered, the pleading interposed must be
withdrawn or stricken or otherwise disposed of.  See, as
more or less in point, *Markey v. Mettler,* 1 Iowa 528; *Burling-
ton & M. R. R. Co. v. Marchand,* 5 Iowa 468; *Wolff v. Hagen-
sick,* 10 Iowa 590; *Mallory v. Sailing,* 48 Iowa 699; *Rush v.
Rush,* 46 Iowa 648.  Indeed, we see no reason why the case does
not fall within the scope of the statute which provides that:

"If a pleading is not duly verified, it may be stricken

3. PLEADING:
verification:
failure to verify.
does not con-
stitute default.

out on motion; but such defect will be waived if the other party responds thereto, or proceeds to trial without such motion." Code Section 3588.

The foregoing sufficiently indicates our conclusion that defendant never was in default; that, such being the case, his rights in the premises are not limited by the restrictions found in Code Section 3790; and that the court acted within its jurisdiction in re-opening the case and giving the appellee opportunity to make his defense, if any he has.

No reversible error being shown, the judgment or order appealed from is—*Affirmed.*

GAYNOR, C. J., EVANS and PRESTON, JJ., concur.