CATHERINE E. BURKE, Appellee, v. H. A. DUNLAP, Appellant.

**VENUE:** Change of Venue—Time to File—Waiver of Right. Defendant, by asking for and obtaining time to answer, does not, under Sec. 3504, Code, 1897, waive his right to move for change of place of trial, at any time before answer. Section 3514, Code, 1897, requiring the defendant to appear and defend before noon of the second day of the term, does not require him to make answer at that time or demand such a change at that time.

**JUDGMENT:** Defaults—Filing of Answer Within Time Given by Court. On the day after the day on which the court, upon overruling his motion for change of venue, had given him five days within which to file answer, the defendant was not in default for failure to file answer.

**JUDGMENT:** Opening and Vacating—Showing of Merits. The court has no discretion as to setting aside a judgment *improperly* entered against a party, and such a party, on moving to set aside such a default, is not required to make a showing of merits.

**VENUE:** Change of Venue—Showing—Resistance. A motion for change of place of trial to the county of defendant's residence is properly overruled where, in resistance, plaintiff's affidavits

showed that the transaction out of which the alleged damages
arose was at an office maintained by the defendant in the coun-
ty where the suit was brought, and there was no evidence to
the contrary.

*Appeal from Cedar Rapids Superior Court.*—A. B. CLARK,
Judge.

APRIL 8, 1919.

ACTION in the superior court of Cedar Rapids for dam-
ages on account of alleged false representations in the sale
of a Ford automobile. Judgment for plaintiff. Defendant
appeals.—*Reversed.*

*W. E. Wallace* and *Frank H. Randall,* for appellant.

*Rickel, Dennis & Thompson,* for appellee.

STEVENS, J.—Plaintiff's petition was filed on the 21st
day of May, 1917, and on the 5th day of June, the defend-
ant appeared in person, and requested an extension of time
in which to file answer, and was granted five days by the
court. Instead of answering, however, the defendant, on
the 8th day of June, filed a motion, based upon Section
3504 of the Code, for a change of place of trial. On the 13th
day of June, counsel for plaintiff filed a motion to strike
defendant's application for a change of place of trial, and
for default on account of his failure to answer within the
time fixed by the court. Numerous motions and counter-
motions to strike were thereafter filed by the parties; and
on the 21st of August, the court overruled defendant's mo-
tion for a change of place of trial, and on October 10th, sus-
tained plaintiff's motion to strike the same from the files,
and gave defendant five days within which to answer. On
October 13th, defendant filed a verified answer, and on the
16th of the same month, plaintiff moved to strike the same,
and asked a ruling upon her original motion for default.
On October 23rd, plaintiff's motion to strike defendant's

answer from the files, and for default, was sustained. On the 26th, defendant filed a motion to set aside the default, which, on the same day, was overruled by the court. Thereupon, witnesses were called by plaintiff for the purpose of proving her damages, each of whom was cross-examined by counsel for defendant. At the conclusion of plaintiff's evidence, the court entered judgment in her favor for $75 and costs.

It is contended by counsel for appellant that the court erred: (a) In overruling defendant's motion for a change of place of trial; and (b) in sustaining plaintiff's motion to strike defendant's answer, and entering default against him.

I.   We will first consider appellant's contention that the court committed error in striking defendant's answer and entering default.   As we understand the contention of counsel for appellee in argument, it is that 1. VENUE: change of venue: time to file: waiver of right. defendant, by asking and obtaining an extension of time within which to answer, waived his right to file a motion for a change of place of trial.   It was held by this court, in *District Twp. of Newton v. White*, 42 Iowa 608, that the defendant, by asking and obtaining time to answer, did not waive his right to file a demurrer to plaintiff's petition; but the court held that extending time to file answer did not operate as an extension of time within which to demur. Section 3504 provides:

"If an action is brought in a wrong county, it may there be prosecuted to a termination, unless the defendant, before answer, demands a change of place of trial to the proper county."

It will be observed that the motion for change of place of trial was filed within the time allowed defendant by the court within which to answer.   Defendant was required, by Section 3514 of the Code, to appear and defend before

noon of the second day of the term, but was not required to answer at that time, and, under the order of the court, had five days from June 8th in which to do so. He was not required to file his motion for a change of place of trial on or before noon of the second day, but within the time allowed by statute, or the order of the court, to file answer, and before same was filed. *First Nat. Bank of Muscatine v. Krance,* 50 Iowa 235. In the *Krance* case, the court said:

"In this case, default having been made, it was proper for the court, in setting it aside, to prescribe that the defendants should answer in 20 days. If they desired to change the place of trial, they had 20 days in which to make the application, and we think that they could not properly claim more than that."

In the above case, the motion for change of place of trial was filed after the time allowed for filing answer had expired.

It is clear that defendant, by asking and obtaining time to answer, did not waive his right to move for a change of place of trial, and that, by filing same before answer, and within the time allowed by the court for that purpose, he was not in default on the 8th of June, when plaintiff's motion asking that same be entered was filed. He was not required to answer until the motion for change of place of trial was ruled on by the court, and, if sustained, default could not have been entered against him in the court in which the suit was brought. *District Twp. of Newton v. White,* supra.

The court, however, overruled defendant's motion for change of place of trial, on August 21st; but defendant, on September 12th, filed a motion to set aside the court's ruling, and on September 13th, plaintiff filed a resistance thereto. On October 4th, defendant filed a verified motion, asking the court to set aside his previous orders in reference to motions and change of place of

2. JUDGMENT: defaults: filing of answer within time given by court.

trial. The court, on October 10th, overruled defendant's motion filed on October 4th, and sustained plaintiff's motion filed on October 5th to strike the same from the files, and gave defendant five days within which to answer. Defendant filed a verified answer on October 13th, and on October 16th, plaintiff filed a motion to strike the same from the files and for default, which motions were sustained, and default entered. On October 26th, defendant filed a motion to set aside the default, supporting the same by affidavit, which motion was overruled, and the trial proceeded with. Defendant was not in default on October 10th, when the order granting him five days in which to file answer was entered, and, as he had filed answer within that time, the court improperly sustained plaintiff's motion to strike the same from the files, and erred in entering default against him.

It is argued by counsel for appellee that defendant failed to make a sufficient showing, in his motion to set aside the default. The default was improperly entered, and defendant was not required to make a showing on the merits, in his motion to have same set aside. *Messenger v. Marsh,* 6 Iowa 491; *Boals v. Shules,* 29 Iowa 507; *Beasley v. Cooper,* 42 Iowa 542; *Brandt v. Wilson,* 58 Iowa 485; *First Nat. Bank v. Flynn,* 117 Iowa 493. It is true that, in the matter of entering or setting aside default, after same has been entered, the court, in the interest of justice between litigants, is allowed a large discretion, which will seldom be interfered with on appeal; but no question of the court's discretion can arise until the party required to plead is, in fact, in default. Plaintiff's motion to strike defendant's answer should, therefore, have been overruled.

3. JUDGMENT: opening and vacating: showing of merits.

II. Plaintiff, in resistance to defendant's motion for a change of place of trial, on June 13, 1917, filed the affidavit of plaintiff, reciting that defendant maintained an of-

fice in Linn County, and that the transac-

**4. VENUE: change of venue: showing: resistance.** tion out of which the alleged damages arose was entered into at said office. The state-

ments contained in the affidavit made a prima-facie showing against defendant's motion, which was based upon the claim that he was a resident of Iowa County. This did not entitle him to a change of place of trial, if the statements contained in plaintiff's affidavit, which were not denied of record, were true. In the absence of a show- ing to the contrary, the court could not well have done otherwise than overrule defendant's motion. For the rea- sons indicated, however, the judgment of the court below must be and is—*Reversed.*

LADD, C. J., GAYNOR and EVANS, JJ., concur.