N. B. SHAFFER, Appellant, v.ᵍ C. F. MORGAN, Appellee.

**JUDGMENT: Default—Non-Specific Affidavit of Merit.** Affidavits
of merit, in applications to set aside defaults, should specifically
recite the defensive facts. A general statement that the one
in default "has a meritorious defense" is quite insufficient.

*Appeal from Polk District Court.*—GEORGE A. WILSON,
Judge.

MARCH 16, 1920.

APPEAL from the action of the court in setting aside a
default. Opinion states the facts. Plaintiff appeals.—*Re-*
*versed.*

*Brammer, Seevers & Hurlburt,* for appellant.

*Miller, Parker, Riley & Stewart,* for appellee.

GAYNOR, J.—This is an appeal from the action of the dis-
trict court of Polk County in setting aside a default and
judgment entered on the 4th day of September, 1919. The
original notice was duly served upon the defendant on the
11th day of July, 1919, in Polk County, notifying the de-
fendant that, unless he appeared in the district court of
Polk County on or before noon of the second day of the
September term of said court, default would be entered
against him, and judgment rendered thereon. The Sep-
tember term convened on the 2d day of September, 1919.
The default and judgment were entered on the 4th day of
September, 1919. The defendant did not appear until after
judgment and default were entered, on the 4th day of Sep-
tember, 1919. On that day, he filed a motion to set aside
the default and judgment, and based his right to have the
default set aside on facts disclosed in two affidavits, one

by Glenn L. Tidrick, and one by the defendant himself.
These affidavits are as follows:

"I, Glenn L. Tidrick, being first duly sworn, on oath
depose and say that I reside in Des Moines, Iowa; am as-
sistant secretary of the Horticultural Insurance Company,
with offices in the S. & L. Building, in Des Moines, with
which company C. F. Morgan is associated as chief ad-
juster; that Mr. Morgan is compelled to spend the major
part of his time traveling about the state of Iowa; that, on
Monday morning, September 1, 1919, the same being Labor
Day, Mr. Morgan handed me a copy of an original notice
in a suit brought against him in the district court of Polk
County, Iowa, by N. B. Shaffer, and requested me to deliver
said notice as *promptly as possible* to William E. Miller, of
the firm of Miller, Parker, Riley & Stewart, his attorneys;
that I promised Mr. Morgan to do so, and fully intended to
get in touch with Mr. Miller and deliver said notice to him
during that day or early in the morning of Tuesday, Sep-
tember 2d, but Monday, September 1st, being Labor Day
and a holiday, I entirely forgot my promise to Mr. Mor-
gan, and failed entirely, through forgetfulness and over-
sight, to deliver said notice to Mr. Miller at any time, and
I did not think of the matter again until I next saw Mr.
Morgan, which was on Monday, September 8th; that the
failure to get said notice into the hands of Mr. Miller is
wholly my fault, and due to oversight and forgetfulness. I
know that Mr. Morgan was compelled to leave town and
did leave town early in the forenoon of Labor Day, and that
he did not return until late Saturday evening, September
6th.    That I am not in any sense an agent for Mr. Mor-
gan, but we are connected with the same concern, and oc-
cupy the same offices, and I undertook to attend to this er-
rand for Mr. Morgan simply as a matter of personal ac-
commodation.    [Duly signed and verified.]"

"I, C. F. Morgan, being first duly sworn, on oath depose and say that I am the person named as defendant in a cause entitled N. B. Shaffer v. C. F. Morgan, No. 28916 law, in the district court of Polk County, Iowa, in which the plaintiff's petition was filed July 7, 1919; that, prior to the commencement of said suit, and prior to the service of the original notice therein, I consulted William F. Miller, of the firm of Miller, Parker, Riley & Stewart, attorneys at law, in reference to the matters involved in the plaintiff's claim against me, as set forth in said petition, and I arranged with Mr. Miller to defend me in the said matter, in the event suit was brought thereon, and was advised by him to *send* the copy of the original notice to him whenever the same was served upon me; that I have a good defense to the claim made against me by the plaintiff; that I am an adjuster for the Horticultural Insurance Company, with offices in the S. & L. Building in the city of Des Moines, and am obliged to spend the major part of my time traveling about the state of Iowa; that, at the moment when the original notice of this suit was served upon me, I was on the point of leaving the city of Des Moines, and was compelled to leave the city of Des Moines within a few minutes thereafter, and remained out of the office and out of the city almost continuously until Monday, September 1st, when I expected to deliver said original notice to Mr. Miller and confer with him; but Monday, September 1st, being Labor Day, and all offices being closed, I was unable to get in touch with Mr. Miller, although I endeavored to do so, and was compelled to leave the city of Des Moines again on the morning of Monday, September 1st. In order to look after the matter, I therefore handed the copy of the original notice to Glenn L. Tidrick, assistant secretary of the company with which I am associated, and he promised to get the said notice into the hands of Mr. Miller promptly on the morning of Tuesday, September 2d, or earlier, if he

could get in touch with him. That I was absent from the city of Des Moines until Saturday, September 6th, until about 6 o'clock P. M. I got in touch with Mr. Tidrick on Monday morning, September 8th, and then learned from him for the first time that he had failed to deliver said original notice to Mr. Miller, and had failed to have any conference with Mr. Miller in regard to this suit, and that his omission was due simply to oversight and forgetfulness. That Mr. Tidrick has no interest in this suit. [Duly signed and verified.]"

On this showing, and this showing alone, the court, on the 20th day of September, 1919, made the following order:

"Motion sustained. Defendant to file answer by September 23, 1919. (Plaintiff excepts.)"

On the 22d day of September, 1919, the defendant filed answer, the sufficiency of which to tender issue is not questioned in this case.

Plaintiff assigns two grounds for reversal:

(1) That the facts disclosed by the affidavits are wholly insufficient to justify or excuse the defendant's default.

(2) That no affidavit of merit accompanied the motion, such as is required by Section 3790 of the Code of 1897, which reads:

"Default may be set aside on such terms as to the court may seem just, among which must be that of pleading issuably and forthwith, *but not unless an affidavit of merits* is filed, and a reasonable excuse shown for having made such default."

It will be noted that no answer was filed or tendered with the motion; that the answer, in fact, was not prepared or filed until long after the court had sustained the motion to set aside the default. No showing of merits was made before the default was set aside, except such as found in

the affidavit of the defendant, which appears in the following words:

"I have a good defense to the claim made against me by the plaintiff."

We may assume that the showing made excused the default. Though this is doubtful, under the holdings of this court, yet we are satisfied that the court erred in setting aside the default for the reason that the statute hereinbefore cited expressly provides that a default, regularly entered, cannot be set aside, unless there is an affidavit of merits filed. The filing of such affidavit is made, by the very terms of the statute, a condition precedent to the right to set aside a default. While it has been repeatedly held by this court that some discretion is lodged in the trial court in matters of this kind, the discretion necessary must be a legal one, and cannot rightfully be exercised in contravention of the plain provisions of the statute. In *Palmer v. Rogers*, 70 Iowa 381, the statement in the affidavit was, "I have a good and meritorious defense to the entire cause of action;" and it was said that the facts constituting the defense should have been set out, so that the court could decide for itself whether there was a defense; and it was held that the court was not justified in setting aside the default upon such showing. As supporting this holding, see, also, *Jaeger v. Evans*, 46 Iowa 188; *King v. Stewart*, 48 Iowa 334, 335; *McGrew v. Downs*, 67 Iowa 687, 688; and *Jean v. Hennessy*, 74 Iowa 348, 350. In *Polk County Sav. Bank v. Geneser*, 101 Iowa 210, 212, this court said:

"It is undoubtedly the policy of the law to dispose of cases upon their merits, and it is also true that a large discretion * * * is vested in the district courts. But the plain requirement of the statute, that an affidavit of merits be filed, to authorize the setting aside of a default, .

cannot be ignored. The discretion lodged in the trial court is a legal one, to be exercised according to law."

In *Jaeger v. Evans*, supra, the court said:

"To authorize the setting aside of a default, * * * the statute requires that an affidavit of merits must be filed. * * * This provision contemplates a *showing* of merits, upon which the court may determine the sufficiency of the defense proposed to be made to the action; not an averment of the existence of merits which may be based upon the opinion or belief of the defendant. Without such showing, the court could not exercise the judicial discretion upon which rests the determination of the questions involving the defendant's right to have the default opened. The uniform practice of courts, so far as we are informed, requires, in such cases, a showing of facts whereon is based the claim of the existence of a meritorious defense."

In *King v. Stewart*, supra, the showing made was:

" 'Defendant has a good and substantial defense to this cause upon the merits, as deponent verily believes, from an examination of the records and facts of this case.' "

The court said:

"This is but the statement of an opinion by affidavit. It should be a statement of facts, that the court may determine therefrom the question of merits."

The affidavit further sets forth that the answer of the defendant was prepared, and ready to be filed when the default should be opened. The answer was tendered to the court, to be filed instanter. It was alleged that the court erred in not permitting the defendant to file his answer. The court said:

"Defendant was not entitled to answer, until it was adjudged that it was his right to have the default set aside. Then, as a condition, he must plead issuably and forthwith."

Our attention is called to *Klepfer v. City of Keokuk*, 126 Iowa 592. This does not assume to overrule the prior

cases heretofore referred to. In this case, the action was to recover damages for personal injury. The affidavit recited that an investigation into the facts had been made touching the accident, and that such investigation disclosed that the defendant was not guilty of any negligence; that the injury was due solely to the negligence of the plaintiff. This practically said to the court:

"Our defense is that we are not guilty of negligence; that the injury was due to the plaintiff's negligence."

In cases of this kind, the answer would be a general denial. The court held that the merits of the defense were sufficiently disclosed by the affidavit, and, therefore, the action of the court in setting aside the default was properly sustained.

Our attention is also called to *Reilley v. Kinkead*, 181 Iowa 615; but in that case, there was a showing of meritorious defense, and it was made at the term at which the default was entered, and, we assume, before the default was entered. No question in that case seems to be made as to the sufficiency of the showing on the merits. The record shows that the defendant appeared by counsel, moved to set aside the default, and, in the same connection, offered to pay the costs which had been made, and tendered an answer, taking issue on plaintiff's claim and setting up a counterclaim in an amount equal to or greater than the claim sued upon.

We think we are controlled by the cases hereinbefore referred to, and must say that the court was without authority in law to set aside the default under the showing made; that he exceeded the limits of judicial discretion, and his action is, therefore,—*Reversed*.

WEAVER, C. J., LADD and STEVENS, JJ., concur.