HARRY UPMIER et al., Appellees, v. LEWIS FREESE et al.,
Appellants.

**JUDGMENT:** Default—Motion to Set Aside—Absence of Affidavit of
Merit. A motion to set aside a default must be overruled when not
accompanied by an affidavit of merit.

Headnote 1:  34 C. J. pp. 339, 340.

*Appeal from Johnson District Court.*—RALPH OTTO, Judge.

FEBRUARY 10, 1925.

PETITION in equity, to foreclose a mortgage. Due and
timely service of the original notice was had on the defendants.
No answer having been filed at the time the cause was called for
trial, default and decree was entered. At the same term, de-
fendants filed motion to set aside the default, which motion was
overruled, and an exception taken. From this ruling defend-
ants appeal.—*Affirmed.*

*W. F. Murphy,* for appellants.

*Deacon, Sargent & Spangler* and *D. C. Hutchinson,* for ap-
pellees.

DE GRAFF, J.—The relief sought by defendants in the trial
court and in this court is to have set aside a default and decree
entered against them on the pleadings of the plaintiff. No other
proposition is involved.

The chronology of the case is brief. Plaintiffs' petition to
foreclose a mortgage executed by the defendants in the sum of
$13,434.20 was filed April 26, 1923. It involved 235 acres of
land, which was then incumbered by a first mortgage of $41,000.

It is further alleged that the defendants have failed and refused to pay the interest on the note in suit, and have also failed to pay the interest on the first mortgage and to pay the taxes due on said real estate. Due and legal service of the original notice was served upon the defendants for the May, 1923, term of the district court, which began May 7, 1923. On May 8th, defendants were given 10 days to plead, by entry upon the court calendar. No pleading was in fact filed by the defendants prior to the entry of default and decree on June 15, 1923. Thereafter, and on June 18, 1923, defendants filed a motion to set aside the default, for the reason, as recited:

"That the defendants were not in default on said date, to wit, June 15, 1923, having filed a motion in said cause within the time that the defendants were given to plead by the court on default day of said term."

No affidavit of merit was attached to said motion. Plaintiffs filed a resistance, in which it is alleged: (1) That no pleading had ever been filed by the defendants; (2) that no showing of diligence was made by the defendants; (3) that the default occurred through the negligence of the defendants; (4) that the motion to set aside the default was not accompanied by an affidavit of merits; (5) that no showing was made that defendants had a meritorious defense to plaintiffs' cause of action; and (6) that the motion was not made in good faith.

When this cause was submitted for judgment and decree in the trial court, the defendants were in default. The files disclosed no pleadings on behalf of the defendants, and it is conceded that due and timely notice was had of the commencement of this action. The only basis suggested or claimed by the defendants for setting aside the default and decree is contained in affidavits attached to their motion. It is therein recited by the attorney for the defendants that he prepared a motion for more specific statement in said cause, and handed same, with a copy thereof, to his stenographer, with directions to take it to the clerk's office and file it; and by the stenographer, that she recollected taking the dictation of said motion, and upon direction of the attorney for the defendants took the papers to the clerk's office and handed them to the clerk or to one of the employees of the clerk's office.

As a matter of fact, this motion never saw the light of day in the clerk's office; and in this connection it may be stated that both the clerk of the district court and his deputy filed affidavits, in which they state that they were in constant attendance in the clerk's office during business hours and during business days of the month of May, 1923; that no pleadings by the defendants were ever filed in the office of the clerk prior to the entry of default; that neither had any recollection of any other pleading's having been presented or offered for filing by the defendants in said cause; that the said clerk and deputy were the only persons in said office during the month of May that had authority to accept and file the pleadings; that there were two lady assistants who "frequently took papers and waited on the patrons of the office generally."

Waiving the question of the negligence of the defendants in the instant matter, and also the probative value of the affidavits filed by the defendants, it is clear that the motion of defendants to set aside the default and decree did not comply with the requirements of the statute. This court has many times affirmed the proposition that a trial court has a large discretion in setting aside a default; but it is also true that this discretion cannot be exercised in contravention of a plain provision of the statute. A default may not be set aside "unless an affidavit of merit is filed, and a reasonable excuse shown for having made such default." Section 11589, Code, 1924. This provision cannot be ignored by the court. It is made a condition precedent to the right to have a default set aside. *Shaffer v. Morgan,* 188 Iowa 772; *Martin v. Reese,* 105 Iowa 694; *Polk County Sav. Bank v. Geneser,* 101 Iowa 210; *Jean v. Hennesy,* 74 Iowa 348; *Willett v. Millman,* 61 Iowa 123.

In view of the record before us and the statutory rule applicable thereto, the trial court correctly ruled the motion. This results in an affirmance.—*Affirmed.*

FAVILLE, C. J., and STEVENS and VERMILION, JJ., concur.