WALTER S. WAGONER, Petitioner, v. H. C. RING, Judge, Respondent.

No. 40986.

FEBRUARY 9, 1932.

1124

Bagot, Free & Bagot and John D. Stewart, for petitioner.

F. C. Byers and E. A. Johnson, for respondent.

KINDIG, J.—In November, 1930, Walter S. Wagoner, the petitioner here in the certiorari proceeding, brought an action in the Linn County district court, as plaintiff, against Appleton Novelty Company *et al.*, defendants. The defendants in that suit, on November 25, 1930, filed a motion asking that the petition of Walter S. Wagoner, the petitioner here and the plaintiff there, be made more specific. That motion was ruled on by the district court and sustained in part January 5, 1931.

Frank C. Byers, an attorney for the respondent, was the defendants' attorney in the case of Walter S. Wagoner v. Appleton Novelty Company *et al.* Byers was a member of the Iowa House of Representatives, and, on January 8, 1931, he left Cedar Rapids for Des Moines to attend a session of the legislature. Before going to Des Moines, Byers wrote a letter to the Honorable H. C. Ring, the respondent in the certiorari proceedings, calling his attention to the session of the legislature, and that it was necessary for Byers, a member of the House, to be away from court a great deal of the time during the legislative session. Furthermore, in that letter Byers suggested to Judge Ring that under the circumstances no defaults be entered in his cases merely because he was unable to plead strictly within the time required by law.

At that time the plaintiff in the case of Wagoner v. Appleton Novelty Company et al. had not yet amended his petition, in compliance with the order sustaining the motion for a more specific statement. After Attorney Byers left Cedar Rapids, for the purpose above explained, Walter S. Wagoner, the plaintiff in the foregoing suit, did, at 10:01 o'clock A. M. on the 19

day of January, 1931, file an amendment to his petition complying with the order therefor, made on January 5 as before stated. A rule copy of this amendment was mailed by the clerk of the district court to Attorney Byers at his Cedar Rapids address, but was not delivered to him at Des Moines until January 21 thereafter. Mr. Johnson, an attorney of Cedar Rapids, appeared in the suit of Wagoner v. Appleton Novelty Company *et al.*, as an assistant to Byers. Johnson also learned of the amendment on January 21. Upon investigation, Mr. Johnson found that the plaintiff, Wagoner, had taken default judgment against the defendants, Appleton Novelty Company *et al.*, on January 20, because those defendants had not filed an answer to the amended petition within the time required by statute. Not having sufficient knowledge of the facts in the case to prepare an answer, Johnson, immediately upon learning of the default judgment, filed a motion to set the same aside, wherein the facts concerning Byers' attendance at the legislature were explained; and Mr. Johnson immediately communicated with Byers at Des Moines in reference to the matter. Whereupon Mr. Byers returned to Cedar Rapids January 24, on which day he dictated an answer; but, because interrogatories to be attached thereto were not yet prepared, the answer was not filed until January 29 thereafter.

In the meantime, Wagoner, then the plaintiff in that suit and now the petitioner in the certiorari proceedings, appeared in the cause and filed a written resistance to the defendants' motion to set aside the default. This motion to set aside the default and the resistance thereto were considered by the judge of the district court, the respondent in the certiorari proceedings, on January 27, 1931. At that hearing the district court, acting through the judge who is the respondent in the certiorari proceedings, sustained the motion to set aside the default on January 27, and allowed the defendants in the case of Wagoner v. Appleton Novelty Company *et al.* until February 2, 1931, in which to plead issuably. Said action of the Honorable H. C. Ring, judge of the Linn County district court, in setting aside the default is made the ground for the present proceeding in certiorari.

It is claimed by the petitioner, Wagoner, in the certiorari proceedings, that Judge Ring exceeded his proper jurisdiction

when setting aside the default, and consequently acted illegally, because there was no affidavit of merit attached to the motion of the defendants, Novelty Company *et al.*, asking that the default be set aside. Not only is this proceeding in certiorari pending, but also an appeal was taken from said order of the Linn County district court, setting aside the default, by Walter S. Wagoner, in which appeal the Novelty Company *et al.* are the appellees. The appeal in this court is known as Number 40893. A motion is pending to consolidate the appeal and certiorari proceedings for the purpose of determination here. That motion is sustained, and the appeal and certiorari proceedings will now be considered together.

■ I. Attention will first be given to the appeal. While at times this court, when the question was not raised, or as a matter of grace, has considered appeals from orders setting aside a default (see Shaffer v. Morgan, 188 Iowa 772, and Sioux County v. Kosters, 194 Iowa 1300), yet, under the well-established rule of this court, such order is not appealable. Barber v. Shattuck, 207 Iowa 842; Baker v. American Railway Express Co., 207 Iowa 1350; Welty v. Des Moines Mutual Insurance Association, 211 Iowa 1135. In Odell v. Coquolette, 103 Iowa 435, we said:

"* * * the default had been entered, but, notwithstanding, the order (setting aside the default) did not prevent a judgment from which an appeal might be taken. From that judgment plaintiff might not desire to appeal. If he did, he could, with a proper record, have reviewed the ruling on the motion to set aside the default. The question we consider is jurisdictional, and we are required to take notice of it, whether presented by the parties or not."

Consequently the appeal presented under the consolidation aforesaid is dismissed.

■ II. The second matter for consideration is the writ of certiorari. Will certiorari lie, under the facts set forth in this record?

Section 12456 of the 1931 Code provides:

"The writ of certiorari may be granted when authorized by law, and in all cases where an inferior tribunal, board, or

officer exercising judicial functions is alleged to have exceeded his proper jurisdiction, or is otherwise acting illegally, and there is no other plain, speedy, and adequate remedy.''

It is necessary, then, to inquire whether the respondent judge ''exceeded his proper jurisdiction'' or otherwise acted ''illegally'' when setting aside the default judgment before described. Excess of jurisdiction and illegality do appear, the petitioner argues, because no affidavit of merits was attached to the motion asking that the default judgment be set aside. Without an affidavit of merit, the petitioner insists, a default judgment cannot be set aside, if section 11589 of the 1931 Code applies to the subject-matter. That section contains the following:

''Default may be set aside on such terms as to the court may seem just, among which must be that of pleading issuably and forthwith, *but not unless an affidavit of merits is filed*, and a reasonable excuse shown for having made such default, nor unless application therefor is made at the term in which default was entered, or if entered in vacation, then on the first day of the succeeding term.'' (The italics are ours.)

Under the circumstances here presented, the last-quoted section does apply, the petitioner declares, because the statute expressly embraces a default judgment like the one now under consideration. Such being the case, the petitioner concludes, the respondent exceeded his jurisdiction and acted illegally when he set aside the default judgment without the prerequisite affidavit of merits. This, the petitioner continues, is true because of the express statutory language as interpreted by this court. He here cites Shaffer v. Morgan (188 Iowa 772), supra, Upmier v. Freese, 199 Iowa 405, and Wade v. Swartzendruber, 206 Iowa 637, 643.

For the purpose of illustrating the petitioner's thought, we quote from Shaffer v. Morgan (188 Iowa 772), supra, reading on page 776:

''We may assume that the showing made excused the default. Though this is doubtful, under the holdings of this court, yet we are satisfied that the court erred in setting aside the default for the reason that the statute hereinbefore cited expressly

provides that a default, regularly entered, cannot be set aside, unless there is an affidavit of merits filed. The filing of such affidavit is made, by the very terms of the statute, a condition precedent to the right to set aside a default. While it has been repeatedly held by this court that some discretion is lodged in the trial court in matters of this kind, the discretion necessary must be a legal one, and cannot rightfully be exercised *in contravention of the plain provisions of the statute.*'' (The italics are ours.)

Likewise, in Upmier v. Freese (199 Iowa 405), supra, we declared, on page 407:

''This court has many times affirmed the proposition that a trial court has a large discretion in setting aside a default; but it is also true that this discretion cannot be exercised *in contravention of a plain provision of the statute.* A default may not be set aside 'unless an affidavit of merit is filed, and a reasonable excuse shown for having made such default.' Section 11589, Code 1924. This provision cannot be ignored by the court. It is made *a condition precedent* to the right to have a default set aside.'' (The italics are ours.)

The petitioner says that obviously the district court cannot overlook the necessary condition precedent requiring an affidavit of merit, and ignore the plain legislative requirement. To do so, he maintains, is the exercise of excess of jurisdiction and the commission of an illegal act. In further support of this contention, the petitioner cites Davis v. District Court, 195 Iowa 688, which he alleges to be an analogous case. There was involved in the Davis case a statutory petition for the production of books and papers. An authority similar to the Davis case may be found in Dunlop v. District Court, 214 Iowa ——, also involving a statutory petition for the production of books and papers. Again, in order to set forth the petitioner's views concerning this analogy, a quoted excerpt is taken from the Davis case, reading on page 693 (of 195 Iowa):

''If, however, the order (for the production of books and papers) goes beyond the discretion and authority of the court, and thereby *becomes illegal, or the court exceeds its jurisdiction,* it is subject to review by certiorari.'' (The italics are ours.)

So, too, in the Dunlop case, (214 Iowa ——), supra, we said:

"There is nothing in the application (for the production of papers) to indicate the existence of such special (material) fact or circumstance. Consequently the application for the order to allow the production of the papers is fatally defective under the statute. The materiality of the papers sought as a defense in no way appears. Because of the defects in the application, the district court did not have jurisdiction and acted without authority, and illegally, in making the order."

Necessarily, then, the analogy between the Davis and Dunlop cases and the one at bar is so striking, appellant insists, that they are unavoidable authority for the case under consideration. For the purpose of overcoming the petitioner's argument at this point, the respondent suggests that, under Section 10801 of the 1931 Code, the district court always has jurisdiction of its judgments and records, and therefore at any time has authority, upon a proper occasion, to set aside a default. That section reads as follows:

"The record aforesaid (the records of the district court) is under the control of the court, and may be amended, or any entry therein expunged, at any time during the term at which it is made, or before it is signed by the judge."

Because, then, the district court, under the section just quoted, has such jurisdiction of its records, the respondent concludes that he had jurisdiction to set aside the default in question, and his so doing under those circumstances at most could only be an erroneous act, as distinguished from an illegality or an excessive exercise of jurisdiction, referred to in Section 12456, supra. Therefore, the respondent believes that certiorari is not the proper remedy. As supporting authorities for his theory, the respondent cites Streeter v. Gleason, 120 Iowa 703. In the Streeter case, on page 706, we stated:

"It (the district court) may thus set aside a default or vacate a judgment upon cause shown or if satisfied that a mistake or wrong has been done may make such order upon its own motion."

Somewhat similar language was used in Braverman v.

Burns, 207 Iowa 1382. But the petitioner, by way of showing the inapplicability of either the Streeter or Braverman cases, in effect suggests that the language quoted did not purport to make Section 10801, supra, applicable if Section 11589 applied. Continuing the petitioner's thought at this juncture, it may be said that the district court, under Section 10801, cannot set aside a default in any case where an affidavit of merit is required under Section 11589. Otherwise, the theory of the petitioner indicates that Section 10801 would make Section 11589 a nullity. The theory of the petitioner purports to demonstrate that by enacting Section 10801, the legislature did not intend to repeal or in any way overcome Section 11589.

Furthermore, the respondent argues that in Cedar Rapids Finance & Thrift Co. v. Bowen, 211 Iowa 1207, this court held that a default might be set aside independent of any statute. An analysis of the Cedar Rapids Finance & Thrift Co. case, however, indicates it was assumed therein during the discussion that no default existed. A guardian ad litem filed an answer in that case and judgment was taken on the answer. No case has been cited by the respondent in the case at bar holding that Section 10801 permits a default to be set aside without an affidavit of merit, where such affidavit is required under Section 11589.

Default, however, under certain circumstances may be set aside under Section 10801, supra, when the affidavit of merit required by Section 11589 is not necessary. That is another way of saying that Section 11589 does not furnish the exclusive remedy for setting aside default judgments when the situation requires no affidavit of merit. Messenger v. Marsh, 6 Iowa (Clarke) 491; Rice v. Griffith, 9 Iowa 539; Boals v. Shules, 29 Iowa 507; Beasley v. Cooper, 42 Iowa 542; United States Rolling Stock Co. v. Potter, 48 Iowa 56; Brandt v. Wilson, 58 Iowa 485; Hoitt v. Skinner, 99 Iowa 360; First National Bank v. Flynn, 117 Iowa 493; Burke v. Dunlap, 185 Iowa 949. It is said in Messenger v. Marsh (6 Iowa (Clarke) 491), supra, reading on page 493:

"* * * in case of judgment entered by mistake, or without notice to the party, or rule upon him to answer, we do not understand the statute as requiring an affidavit of merits. Nor,

in any cause, when it is apparent that the judgment has been hastily or improvidently rendered. These things may be within the knowledge of the court, and require no affidavit to make the facts more apparent. The record is under the control of the court, and may be amended, or any entry expunged, at any time during the term. * * *''

Much has been said in some of our cases concerning the setting aside of defaults under Section 10801, relating to situations outlined in the last-cited cases where affidavits of merit are not required. The theories of the parties have been extensively set forth in order that the precise question may be understood and the basis outlined for our conclusion in the case at bar. Under the circumstances of the present record, it is not necessary to expressly decide that certiorari will lie to review an order of the district court in setting aside a default made without an affidavit of merits, where one is required under Section 11589. Therefore, it is merely assumed that certiorari will lie to review an order setting aside such default where an affidavit of merits is required under said section. Nevertheless, the facts in the case at bar come within the above-named exception to that rule, even if it is assumed that it does exist. To put the thought differently, assuming that certiorari will lie to review an order of the district court setting aside a default where an affidavit of merits is required, yet in the case at bar certiorari will not lie, because, under the exception to the general rule above noted, an affidavit of merits is not here required. According to the respondent's return, the petitioner in the court below asked for the default in the manner and way and under the circumstances before recited. When making that application, the petitioner was informed by the respondent that the attorney Byers, representing the defendants Appleton Novelty Company *et al.,* was in attendance as a member at the state legislature. So, too, the respondent informed the petitioner that Mr. Byers had written the letter mentioned in the above statement of facts. Moreover, the respondent at that time advised the petitioner ''that it was customary to grant such request of counsel if counsel were attending as a member of the legislature.'' It further appears from the respondent's return that the petitioner still insisted upon the default. Whereupon the respondent said that, if such default

were entered and motion made to set it aside, under the circumstances the same would be sustained. Replying to that proposition, the petitioner, through his attorney, said, "All right." Manifestly thereby the petitioner entered into an agreement with the respondent that the default thus entered might be set aside if a motion requesting that relief were filed. When so doing, the petitioner in fact waived all necessity for an affidavit of merits in the contemplated motion.

This part of the respondent's return is not denied by the petitioner, but rather admitted. No attempt is made by the petitioner to strike that portion of the return on the theory that it was a mere statement to bolster up the decision of the district court. Nor is it claimed by the petitioner that such statement of the district court is not a part of the record in the case. In fact, the petitioner himself made the agreement a part of the record, because in his resistance to the motion to set aside the default, the petitioner says:

"The plaintiff (the petitioner) makes no objection to the excuses offered by the defendants for their default; that the court, Judge Ring presiding, will bear out the statement of counsel (for the petitioner) that at the time of the demand for judgment and default on January 20, 1931, counsel stated to the court that in asking the default was not to say that he would not consent to setting aside the default."

The only objection made by the petitioner to the motion asking that default be set aside was that the same did not contain an affidavit of merits. Whatever the agreement may have been, then, between the respondent and the petitioner concerning the setting aside of the default, the same was reaffirmed by the petitioner after the filing of the motion to set aside the default. While it is true that the petitioner in the aforesaid resistance refers to the agreement as if it involved some future consent on his part, yet under the entire record it is obvious that the respondent's return contains the correct understanding between the respondent and the petitioner. Such understanding unmistakably was that the default, under the circumstances, should be set aside if a motion asking that relief were filed. As a matter of fact, the petitioner concedes this in argument. He now contends, however, that the understanding did not con-

template a motion to set aside the default not based upon an affidavit of merits. Obviously that argument is not borne out in the record. Why should the respondent require an agreement of the petitioner that the default might be set aside if a motion were filed, when such agreement contemplated the statutory motion embracing an affidavit of merits? In the event that the statutory motion were filed, the respondent could have set the default aside without the petitioner's consent. Clearly the respondent required the aforesaid agreement with the petitioner in order that the default might be set aside upon the filing of any motion, regardless of whether it contained an affidavit of merits.

It is claimed by the petitioner that he agreed with the respondent as aforesaid because, by obtaining a default even under those circumstances, it would force the defaulting defendants to file an answer on the merits, and the case would then be at issue. Apparently there had been little delay on the part of the so-called defaulting defendants. Nevertheless the petitioner's explanation of why he entered into the agreement with the respondent is consistent: First, with the fact that there was such an agreement; and, second, that the mutual understanding involved the setting aside of the default when the motion was filed.

That theory announced by the petitioner fully corroborates, and is consistent with, the return of the respondent. This desire on the petitioner's part to have an answer filed was accomplished, because in two days after the default was entered a very formidable and substantial answer was filed in the cause. There is nothing to indicate, as against the conclusive record, that the petitioner did not agree with the respondent as the return suggests. It is our conclusion that the agreement was thus made, and again confirmed after the filing of the motion to set aside the default. Thereby the petitioner waived his right to insist that such motion contain an affidavit of merits.

Therefore, under the analogous case of Messenger v. Marsh (6 Iowa [Clarke] 491), supra, and the other analogous cases of the same group, above cited, an affidavit of merits was not necessary, and the respondent was justified, under the circumstances, in setting aside the default in accordance with the agreement. Jurisdiction so to do was afforded by Section 10801 of

1134

the 1931 Code, above quoted. Such being the fact, the respondent did not act illegally or in excess of his jurisdiction, and certiorari will not lie.

Wherefore the writ of certiorari is annulled.—Writ annulled.

WAGNER, C. J., and EVANS, MORLING, and GRIMM, JJ., concur.