D. W. Bates, Superintendent of Banking, Appellee, v. Ely Trust & Savings Bank of Ely, et al., Appellants.

No. 42929.

June 21, 1935.

John M. Redmond, for appellant.

Joseph Mekota and Charles Benesh, and Edward L. O'Connor, Attorney-general, for appellee.

Hamilton, J.—On January 5, 1933, the Ely Savings Bank of Ely, Iowa, was duly adjudged insolvent and the superintendent of banking of the state of Iowa was duly and legally appointed receiver of said bank. On August 31, 1933, the plaintiff receiver filed his petition in equity to recover from the shareholders of the capital stock of said bank the superadded statutory liability on said stock under the provisions of section 9251 of the 1931 Code of Iowa. It is alleged in plaintiff's petition that the defendant Minna K. Anderson is the owner of seven shares of said stock. She was personally served with original notice of said suit on the 28th day of August,

1933. On December 3, 1933, it being a day of the regular November, 1933, term of the district court of Linn county, Iowa, the court found and entered of record an order to the effect that the defendants Minna K. Anderson et al. had been duly and legally served with a sufficient original notice by personal service as provided by law, and in time for the November, 1933, term of said court, and that the subject matter of the suit, and the persons of the defendants and each of them were lawfully within the jurisdiction of said court, and that upon motion of plaintiff, said defendants and each of them were adjudged to be in default for want of an answer or appearance.

On June 11, 1934, the defendant-appellant, Minna K. Anderson, filed a "motion to set aside default and to have leave to file answer", the reason assigned in said motion being that one assessment of 100 per cent had been previously collected on said stock on December 30, 1924, receipt for which is incorporated in said motion. It is further alleged in said motion that said defendant did not have personal knowledge until she had made an investigation recently and discovered said receipt; that because of said assessment so made and fully paid she is not liable to further assessment on said stock. The motion is signed by her personally, but is not verified, and no affidavit of merits in support of said motion was filed as provided by section 11589 of the 1931 Code of Iowa.

The case falls squarely within the rule laid down by this court in Shaffer v. Morgan, 188 Iowa 772, 176 N. W. 799.

Furthermore, the defense suggested by the motion would be of no avail under the repeated holdings of this court. See Andrew v. Bevington Sav. Bank, 206 Iowa 869, 221 N. W. 668; Andrew v. Farmers Trust & Sav. Bank, 204 Iowa 243, 213 N. W. 925, 56 A. L. R. 521; Leach v. Arthur Sav. Bank, 203 Iowa 1052, 213 N. W. 772.

It should be noted that the prior assessment referred to in defendant's motion was paid on December 30, 1924, as shown by the receipt therefor set out in said motion. The bank was not adjudged insolvent and a receiver was not appointed until January 5, 1933, and this action is brought by the receiver, and any assessment paid to the bank back in 1924 could not be urged as a defense to the present action by the receiver, under the prior holdings of our court.

1358

It therefore necessarily follows that the ruling of the trial court on the motion to set aside default was correct and the same should be and is hereby affirmed.—Affirmed.

ANDERSON, C. J., and ALBERT, MITCHELL, DONEGAN, PARSONS, POWERS, and RICHARDS, JJ., concur.